Irving M. Wiseman et al., Plaintiffs-Appellees, v. Law Research, Inc. et al., Defendants—Western Union Telegraph Company, Defendant-Appellant—(Irving M. Wiseman et al., Plaintiffs-Appellees, v. Law Research Service, Inc. et al., Defendants.)

(No. 11408;

Fourth District—May 20, 1971.

Brown, Hay & Stephens, of Springfield, (Edward J. Cunningham and Elizabeth G. Frazee, of counsel,) for appellants.

Paul J. Maton, of Chicago, Wiseman, Shaikewitz & McGivern, of Alton, and Brian B. Duff, of Wilmette, (Irving M. Wiseman, of counsel,) for appellees.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court: ██ Defendant, Western Union Telegraph Company, has moved to stay and enjoin and restrain plaintiffs from prosecuting this case pending the outcome of an appeal of a case in New York. Initially we queried counsel relative to our jurisdiction, which neither had raised, and we now have been supplied with supplemental briefs relative to this point. It seems to us on further reflection that the denial of this motion was an interlocutory order refusing an injunction and thus within the context of Supreme Court Rule 307, which provides that "An appeal may be taken to the Appellate Court from an interlocutory order of court (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction; * * *". Even if defendant had not used the open-sesame-word "enjoin" to invoke this rule, the words "stay" and "restrain" mean about the same and had a "stay" alone been allowed its effect would have been to "enjoin" further proceedings. See *Valente v. Maida*, 24 Ill.App.2d 144, 164 N.E.2d 538.

The stance of the parties, at least here, is somewhat novel. Both now assert or at least are doubtful whether the New York case impinges at all. Notwithstanding, Western Union, with good reason, has a right to be apprehensive, since plaintiffs have pleaded the New York judgment. We don't know and we are not asked to decide whether it does or will impinge, all we can say is that at this juncture plaintiffs in their complaints say it does and have otherwise indicated its germaneness not only in the context of *res judicata*, but as "a major piece of evidence".

The pleadings are complex—there are numerous counts to the complaints [we have consolidated causes] and there have been amendments. A codefendant, Law Research Service, Inc., also alludes to the New York judgment in its counterclaims against Western Union. It alleges in substance "That a finding of the New York Supreme Court [a Supreme Court in New York is comparable to our Circuit Court] * * * Index No. 20092/67 * * * provided that Western Union had breached its contractual relationship with Law Research Service, Inc. * * * and that the matter should be *res judicata* as to the issues between Law Research Service, Inc. and Western Union". Further, Law Research alleges that the holding in the New York case provided that Law Research may "implead or claim over against Western Union in any action by a franchisee, of which this is one, and that all issues other than non-performance shall be *res judicata* and that Western Union shall be liable for any damages which Law Research Service, Inc. may have to pay to a franchisee * * *". As we have said, both complaints (at least at one time) pled the New York judgment, and copies are attached as exhibits.

More important, plaintiffs filed a motion for summary judgment "by

reason of *res judicata,* based upon the following findings and judgments in a similar cause [the New York judgment] * * *" and moved that "the following findings be declared *res judicata* in the present cause between the Plaintiffs and the Defendant, Western Union Telegraph Company * * *". Thereafter, sixteen findings purportedly had in the New York judgment order were set forth and plaintiffs moved "that partial judgment be entered that all of the above-mentioned findings contained in [the New York judgment] be declared *res judicata* in the present cause for the reason that it involves the same subject matter as is contained in the present two causes before the Circuit Court of Sangamon County". The fact that this motion was withdrawn by plaintiffs before being ruled upon does not, of course, mean that they are barred from reasserting it.

 Odd as it may seem, but there are good policy reasons for it, a judgment of a trial court (in Illinois), can be *res judicata* or serve as a basis for an estoppel by judgment, even though such judgment is being appealed. One does not have to think too hard to visualize a situation where a judgment might be utilized in another proceeding as *res judicata,* the judgment in the second proceeding becoming final (no appeal), only to have the judgment in the first proceeding reversed on appeal, and yet the second, now admittedly erroneous, must stand. The result is a legal monstrosity—a *non sequitur*—yet nothing can be done. As was said in *State Life Insurance Co. v. Board of Education of Chicago,* 401 Ill. 252, 81 N.E.2d 877, 880:

> "The rule has been settled that where a judgment in one case has successfully been made the basis for the judgment in a second case, the second judgment will stand as *res judicata,* although the first judgment be subsequently reversed."

That could happen here if we permit the order denying the stay to stand. We will not divine what purpose the New York judgment following appeal might be put to—maybe none at all—but the indications are that either the plaintiffs or the codefendant, Law Research Service, Inc. on its counterclaim, will assert its propriety in the context of *res judicata,* at least if it stays more or less the same. It could well be that the court might then reject the proffer. We do not know, nor do we mean to imply which way it should go—the point is not before us. But it would be unfortunate in the extreme to have the New York judgment successfully made the basis in whole or in part for a judgment in this matter and then subsequently discover that the New York judgment stands for something entirely different or maybe nothing at all.

We realize that by permitting a stay of the trial we are in effect acting

like, but not saying, that a judgment is not *res judicata* where an appeal is pending. We do not mean to so imply. There are very good reasons that the fact of an appeal should not affect the finality of a judgment for purposes of *res judicata,* as good, maybe better, as the contrary rule that the operation of a judgment as *res judicata* is affected by the pendency of its appeal. One should not be able to avoid the use (in a *res judicata* context) of a judgment against him merely by taking an appeal. On the other hand, if the judgment is final pending appeal, it may be used, as we have seen, to effect another judgment from which no relief could be obtained following a subsequent reversal of the judgment on which it was based. (9 A.L.R.2d 984, *et seq.*) As is there pointed out (988):

"There is only one safe way of avoiding conflicting judgments on the same cause of action or issue: the final decision on the merits of the second suit should be delayed until the decision on appeal has been rendered. This may be accomplished by a continuance, either upon application of one of the parties, or by the court upon its own motion, of the second case in which the plea of *res judicata* is made; * * *."

■■ So as to avoid insofar as possible the consequence of jeopardizing plaintiff's case should an inordinate delay be not occasioned, we reverse the order denying defendant's motion for a stay with the following *caveat*: Should the Circuit Court determine at a subsequent date that the appeal of the New York judgment is not reasonably proceeding apace, the stay order here ordered may be set aside and these proceedings proceed in their ordinary course.

Reversed and remanded with directions.

TRAPP and CRAVEN, JJ., concur.