BRYAN SHAW, Plaintiff-Appellee, v. CITIZENS STATE BANK OF SHIPMAN, Defendant-Appellant.

Fourth District   No. 4—89—0032

· Opinion filed June 28, 1989.

Ronald L. Pallmann and Kevin J. Stine, both of Suelthaus & Kaplan, P.C., of Fairview Heights, for appellant.

Christopher B. Hunter, of Godfrey, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On April 21, 1988, plaintiff Bryan Shaw filed a three-count complaint in the circuit court of Macoupin County against defendant Citizens State Bank of Shipman (Bank) in that court's case No. 88—L—29, contending the Bank had tortiously interfered with plaintiff's farming operations. The complaint indicated *inter alia* that (1) plaintiff had entered into a certain "cash farm lease" with his father, Julius Shaw; (2) defendant had previously loaned money to Julius Shaw and, in return, had received a security interest in all growing crops and stored grain grown on Julius Shaw's farm; (3) the Bank had made claims to various grain elevators that they had a lien against grain grown on the farm which was actually plaintiff's pursuant to the terms of the "cash farm lease" with his father; and (4) plaintiff was not a party to any of the agreements between defendant and Julius Shaw.

On May 13, 1988, plaintiff filed an additional suit (No. 88—CH—18) in the circuit court of Macoupin County naming the Bank and Missouri Mills, Inc. (Mills), as defendants. The thrust of those charges was that Mills was one of the entities to whom the Bank claimed a lien upon plaintiff's grain, and the Bank had persuaded Mills to make all checks for plaintiff's grain payable to plaintiff *and* the Bank. Injunctive relief was sought. On June 30, 1988, the two cases were consolidated. On December 16, 1988, the court denied a motion by the Bank to "Stay Trial and Enjoin and Restrain plaintiff" from prosecuting the case pending the outcome of an appeal of a bankruptcy case. An issue in that case was highly significant in the instant cases. The Bank has appealed, pursuant to Supreme Court Rule 307 (107 Ill. 2d R. 307), from the interlocutory order denying the stay. We reverse and remand.

The bankruptcy case referred to in the motion for stay was a voluntary proceeding brought by plaintiff's parents, Julius and Phyllis Shaw. On May 6, 1988, the United States Bankruptcy Court for the Central District of Illinois (Bankruptcy Court) entered an order dismissing the Shaws' petition. In doing so, the Bankruptcy Court found Julius and Phyllis Shaw were not eligible for relief under chapter 12 of the Bankruptcy Act (11 U.S.C. §101 *et seq.*), because they were not engaged in a farming operation on the date they filed their chapter 12 petition. That court found the cash rent lease between plaintiff and his parents to be valid. The Bank has subsequently appealed the dismissal of that bankruptcy action.

At a hearing in the instant consolidated case, plaintiff introduced into evidence the Bankruptcy Court's finding that a valid lease existed, and he contended the principle of *res judicata* should apply to that finding. The trial court agreed and held that the Bankruptcy Court's decision that a valid farm lease existed would govern the issue in this case. The Bank then filed a motion to stay trial and enjoin the proceedings while its appeal in the bankruptcy case is pending.

The Bank maintains that the existence and validity of plaintiff's lease with his father is a major factual issue in the combined cases, because, for plaintiff to prevail, he must show that the lease for a cash rent is valid, thus preventing creditors of his parents from having a lien upon the grain grown upon the land. The Bank argues that because the Bankruptcy Court's determination in regard to the lease is subject to a pending appeal and could be set aside, the circuit court proceedings should be stayed until a conclusive determination is made in the bankruptcy proceeding.

In support of its motion to stay trial, the Bank cited *Wiseman v. Law Research, Inc.* (1971), 133 Ill. App. 2d 790, 270 N.E.2d 77, decided by this court. There, those plaintiffs filed a complaint alleging those defendants breached their contractual relationship. Those plaintiffs then asserted that the finding of a New York trial court that the defendant had breached its contractual relationship with them should be *res judicata* in the Illinois case. The defendant then filed a motion to stay the trial pending the outcome of the New York case on appeal. The trial court denied the motion to stay. On appeal, this court reversed and held that the trial court should have granted the motion, pending a reasonable time for the disposition of the New York appeal.

■ Here, the trial court relied on the supreme court's decision in *State Life Insurance Co. v. Board of Education* (1948), 401 Ill. 252, 81 N.E.2d 877, in support of its determination to deny the motion for a stay. That court indicated:

> "The rule has been settled that where a judgment in one case has successfully been made the basis for the judgment in a second case, the second judgment will stand as *res judicata*, although the first judgment be subsequently reversed." *State Life*, 401 Ill. 2d at 257, 81 N.E.2d at 880.

■ This court recognized in *Wiseman*, citing *State Life*, that a judgment of a trial court could be *res judicata* even where that judgment was being appealed. This court also recognized, however, the unfortunate result which could occur where a judgment being appealed in one case is used as a basis for a second case before the appeal is final. If the first decision is subsequently reversed, the second deci-

sion, though then erroneous, would be required to stand, and there would be no avenue of relief. To avoid that situation, the *Wiseman* court determined that the final decision in the second case should be delayed until the decision on appeal had been rendered. The court added the caveat that the circuit court could determine at a subsequent date whether the appeal was proceeding at a reasonable pace, and if it were not, the stay order could be set aside and the proceedings could continue in their ordinary course.

Plaintiff seeks to distinguish this case from *Wiseman* on the basis that in *Wiseman*, both the New York proceeding and that to be stayed in Illinois turned entirely on whether a particular contract had been breached. Plaintiff points out that, here, the validity of the cash rent lease is only one question involved, and even if that issue is resolved in his favor, he must prove other matters as well. We do not agree this is a sufficient distinction to negate application of the *Wiseman* theory. We recognize that an issue decided in another case may be so collateral to the case where a court is requested to give *res judicata* effect to that decision that no stay pending appeal of the earlier case is warranted. But here, where the question in the other case is so significant, the unfairness of denying a party an opportunity to refute a determination of another tribunal which may be determined to be wrong requires the application of the *Wiseman* precedent.

We also recognize that the *Wiseman* opinion stated: "One should not be able to avoid the use (in a *res judicata* context) of a judgment against him merely by taking an appeal." (*Wiseman*, 133 Ill. App. 2d at 793, 270 N.E.2d at 80.) Plaintiff maintains this language requires the judge, to whom a request for stay is made, to make a determination of the likely merits of the appeal from the decision to which *res judicata* is sought to be applied and to only grant the stay when the chances of reversal appear to be significant. Plaintiff contends the trial judge made the determination here that the bankruptcy appeal was likely without merit. We do not interpret the language of *Wiseman* in that way, nor do we consider the record before us to indicate the trial judge here made such a determination. Furthermore, the record here does not indicate the strength of the appeal in the bankruptcy case.

The *Wiseman* opinion recognizes that the period of the stay should not be unreasonably long, and if the appeal does not proceed with reasonable dispatch, the stay should be lifted. However, when the record shows that the issue on appeal is as significant as here, and no conclusive showing is made that the appeal is frivolous or a sham, *Wiseman* requires the trial court to grant a stay for a reason-

able time. Such a holding is not contrary to *State Life*.

Accordingly, we reverse the trial court's decision and remand with directions that the trial court grant the motion for stay subject to later reconsideration based on whether the appeal in the bankruptcy case is proceeding in a reasonable manner.

Reversed and remanded with directions.

McCULLOUGH, P.J., and SPITZ, J., concur.