ILLINOIS FOUNDERS INSURANCE COMPANY, Plaintiff-Appellee, v. JAMES GUIDISH *et al.*, Defendants (Robert Luksik, Defendant-Appellant).—ILLINOIS FOUNDERS INSURANCE COMPANY, Plaintiff-Appellee, v. JAMES GUIDISH *et al.*, Defendants-Appellants (Michael's Magic Touch, Ltd., *et al.*, Defendants).

First District (4th Division)   Nos. 1—92—0176, 1—92—0254 cons.

Opinion filed June 3, 1993.

Robert Schey & Associates, of Chicago (Mark L. Karno, of counsel), for appellant Robert Luksik.

Robert L. Caplan, of Clarendon Hills, and Sheldon S. Gomberg, of Chicago, for appellants James Guidish and Joseph Guidish, Jr.

Bresnahan & Garvey, of Chicago (Kenneth T. Garvey and Robert O'Connor, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

These appeals arise from the entry of summary judgment in favor of plaintiff, Illinois Founders Insurance Company (Illinois Founders), on its declaratory judgment action against defendants, James Guidish, Joseph Guidish, Jr., Michael's Magic Touch, Ltd. (Magic Touch), Robert Luksik, August Russo, and Timothy R. Pope. The trial court determined that: (1) Illinois Founders did not owe a duty to defend or indemnify its insured, Magic Touch, or Magic Touch's employees, Luksik, Russo, and Pope, in a personal injury action filed against them by James and Joseph Guidish; and (2) the liability policy issued to Magic Touch did not cover the occurrence alleged in the Guidishes' complaint. The Guidishes and Luksik filed separate appeals which were consolidated in this court. We consider: (1) whether the declaration that the policy did not cover counts I and II of the Guidishes' personal injury complaint was premature because their appeal from the dismissal of those counts was pending; and (2) whether the policy required Illinois Founders to prosecute Luksik's appeal from the personal injury action. For the following reasons, we affirm in part, reverse in part, and remand with directions.

Proper analysis of the issues raised on appeal requires discussion of the Guidishes' tort action and the procedural posture of the parties at the time the trial court in the declaratory judgment action entered summary judgment.

In their fourth-amended complaint for personal injury, the Guidishes alleged that they were injured in a fight that occurred in the parking lot of a lounge that Magic Touch operated in Lyons, Illinois. James Guidish was injured when Luksik, an employee of Magic Touch, struck him in the face with a baseball bat. Joseph Guidish was injured when Russo, also an employee of Magic Touch, hit him in the

head with a gun. The Guidishes' complaint sought recovery for their injuries in five counts. Only counts I, II, and III are relevant to this appeal.

Count I, brought on behalf of James Guidish, and count II, brought on behalf of Joseph Guidish, sought recovery against Magic Touch for the alleged negligence of its parking lot attendant, Pope. Specifically, those counts alleged that Pope had improperly initiated a fight with a third party in the parking lot which caused several other fights. The Guidishes were injured in one of the subsequent battles. In count III, James Guidish alleged that Luksik, acting within the scope of his employment for Magic Touch, willfully and wantonly struck him in the face with a baseball bat. The count further alleged that malice was the gist of the action against both Luksik and Magic Touch.

On the date the Guidishes were allegedly injured, Magic Touch was insured under a policy issued by Illinois Founders which covered bodily injury arising out of the operation of the lounge. The policy required Illinois Founders to defend any damage suit brought against Magic Touch as a result of bodily injury. However, Illinois Founders' duty to defend under the policy did not extend to "bodily injury suffered by or alleged to have been suffered by any person or persons arising out of assault or battery perpetrated by the named insured or by any person employed by or acting on behalf of the named insured." As a result, Illinois Founders, acting under a reservation of rights, paid for Luksik's representation in the trial court by counsel of his own choosing.

After the Guidishes filed their personal injury complaint, Illinois Founders filed the present declaratory judgment action against defendants requesting the trial court to find that: (1) it was not obligated to defend Magic Touch or its employees, Luksik, Russo, and Pope, in the Guidishes' tort action; and (2) the liability policy issued to Magic Touch did not cover the occurrence alleged in the Guidishes' complaint.

While the declaratory action was pending, the trial court in the tort action dismissed counts I and II of the Guidishes' complaint for failure to state a cause of action for negligence. The Guidishes appealed that ruling on October 25, 1991. Count III was tried before a jury, which found in favor of James Guidish and against Magic Touch and Luksik. In response to special interrogatories, the jury found that when Luksik struck James Guidish he acted intentionally, he was not acting in self-defense, and he acted in the course and scope of his employment for Magic Touch. The trial court entered judgment and

ruled on post-trial motions. On October 31, 1991, Luksik appealed the judgment entered against him on count III.

On October 25, 1991, the trial court entered summary judgment in the declaratory judgment action in favor of Illinois Founders, finding that it did not owe a duty under the policy to indemnify Magic Touch or Luksik for the judgments against them in the tort action and, further, that it did not have a duty to defend or prosecute any appeals from those judgments. After denying motions to reconsider, the court modified its order to further provide that the policy did not cover the allegations of the Guidishes' complaint in the tort action.

The Guidishes and Luksik now appeal from the order granting Illinois Founders summary judgment.

OPINION

The issues in the instant appeal are narrow in scope. The Guidishes seek only a reversal of the trial court's declaration that Illinois Founders' policy did not cover counts I and II of their complaint in the underlying tort action. Luksik seeks a reversal of the court's declaration that Illinois Founders did not have a duty to prosecute an appeal from the judgment entered against him in the tort action. Both arguments will be addressed in turn.

The Guidishes contend that the trial court's declaration that there was no insurance coverage for counts I and II of their complaint was premature because their appeal from the dismissal of those counts was pending.

The declaratory judgment statute provides that a court "*may*, in cases of actual controversy, make binding declarations of rights, having the force of final judgments." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 110, par. 2—701(a).) By its very terms, the statute allows the trial court discretion in deciding whether to grant declaratory relief. This rule applies to declaratory actions where an insurer seeks a determination of insurance coverage rights. (See *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24.) In *Maryland Casualty*, our supreme court considered the scope of a trial court's discretion in such a case. The court found that a trial court abuses its discretion in issuing a declaration where the questions necessary to determine insurance coverage rights also constitute the "ultimate facts upon which recovery is predicated" in an unresolved personal injury action arising from the same occurrence giving rise to the insurance claim. (*Maryland Casualty*, 64 Ill. 2d at 197, 355 N.E.2d at 30; see also *Thornton v. Paul* (1978), 74 Ill. 2d 132, 384 N.E.2d 335.) In such circumstances, the actions of the trial court are premature be-

cause a declaration could, under the doctrine of collateral estoppel, foreclose a plaintiff's recovery on one of his theories of liability in the underlying tort action. *Maryland Casualty*, 64 Ill. 2d at 197, 355 N.E.2d at 30.

Each of the cases which articulate this proposition has a common factual thread: the declaratory judgment was entered prior to the resolution of the underlying tort action in the trial court. In contrast, the declaration in the instant case was entered after the underlying tort action was resolved at the trial level but before the appeal was resolved.

■ We note that, contrary to the Guidishes' assertion, at the time summary judgment was entered in the declaratory judgment action, the order dismissing counts I and II was final. The Guidishes cite Supreme Court Rule 301 (134 Ill. 2d R. 301) to support their proposition that the order dismissing counts I and II was not final because their appeal from that order was pending. This contention is misplaced. Rule 301 speaks to the appealability of final judgments. To be sure, it provides that "[a]n appeal is a continuation of the proceeding" (134 Ill. 2d R. 301), but nowhere does it provide that the prosecution of an appeal renders a final judgment nonfinal pending the disposition of the appeal. The pendency of an appeal has no effect on the finality of the order appealed from. Under certain circumstances, the pendency of an appeal can affect the enforceability of a judgment (see 134 Ill. 2d R. 305), but not its finality. More to the point, a final judgment can serve as the basis to apply the doctrines of *res judicata* and collateral estoppel even though the judgment is being appealed. *Wiseman v. Law Research, Inc.* (1971), 133 Ill. App. 2d 790, 270 N.E.2d 77.

■ On the specific issue before us, we find that the trial court acted prematurely when it declared that the policy did not cover counts I and II of the Guidishes' personal injury complaint. There is no question that Illinois Founders' policy covers Magic Touch for bodily injury caused by its employees' negligence. There is also no question that counts I and II sought recovery from Magic Touch on a negligence theory. The only basis for the trial court's entry of summary judgment in the declaratory judgment action as it related to counts I and II in the underlying tort action was the effect of the dismissal of those counts. If the dismissal of one or both of the negligence counts in the underlying tort action was reversed on appeal and remanded for trial, the declaration of Illinois Founders' rights in the declaratory action would still stand as *res judicata* on the issue of coverage under the policy. As was noted in *State Life Insurance Co. v. Board of Education* (1948), 401 Ill. 252, 257, 81 N.E.2d 877, 880:

"The rule has been settled that where a judgment in one case has successfully been made the basis for the judgment in a second case, the second judgment will stand as *res judicata*, although the first judgment be subsequently reversed."

We agree with the *Wiseman* court's conclusion that the only means of avoiding such conflicting judgments is to delay a decision in the second suit pending a decision on the appeal of the first. (*Wiseman*, 133 Ill. App. 2d at 793, 270 N.E.2d at 80.) In the instant case, a sound exercise of judicial discretion would mandate that any decision on the declaratory judgment action as to insurance coverage for counts I and II in the underlying tort action be delayed until the appeal from the dismissal of those counts is resolved.

■ Next, we address Luksik's contention that Illinois Founders was obligated to prosecute an appeal on his behalf from judgment entered against him on count III of the Guidishes' complaint. In support of this argument, Luksik urges this court to adopt the holding in *Palmer v. Pacific Indemnity Co.* (1977), 74 Mich. App. 259, 254 N.W.2d 52. There, the court held that, upon the insured's request, an insurer which has written a policy with a broad duty to defend clause has an absolute duty to prosecute an appeal from any judgment adverse to the interests of the insured.

In response to Luksik's argument, Illinois Founders contends that a duty to defend clause does not necessarily oblige the insurer to prosecute an appeal. Rather, the question of whether an insurer has a duty to prosecute an appeal must be determined in the context of its obligations of good faith and fair dealing in performing the terms of its insurance policy. Illinois Founders claims that when, as in this case, the insurer has discharged any potential obligation to defend a claim at the trial level and the disposition of the matter at trial includes a factual determination negating coverage under the policy, the insurer is under no duty to prosecute an appeal. Illinois Founders relies on *Lincoln Park Arms Building Corp. v. United States Fidelity & Guaranty Co.* (1936), 287 Ill. App. 520, 5 N.E.2d 773, *General Casualty Co. v. Whipple* (7th Cir. 1964), 328 F.2d 353, and *Denham v. La Salle-Madison Hotel Co.* (7th Cir. 1948), 168 F.2d 576.

We reject Luksik's invitation to adopt an absolute rule that an insurer is always obligated to prosecute an appeal. When taken to the extreme, such a rule could place an insurer in the untenable position of being obligated to pursue a totally groundless appeal simply to avoid a charge that it breached its duty to defend. At the very least, as invariably occurs when reviewing courts weave the

words "always" or "never" into a rule of law, adopting an absolute rule would condemn future generations to engaging in strained logic in an effort to craft exceptions.

The parties acknowledge a third line of authority which obligates an insurer to prosecute an appeal on behalf of an insured if reasonable grounds for such an appeal exist. (See, *e.g., Reichert v. Continental Insurance Co.* (La. Ct. App. 1974), 290 So. 2d 730.) In our view, the obligation of good faith and fair dealing requires the insurer to prosecute an appeal in circumstances where reasonable grounds are present. We therefore conclude that, when an insurance contract provides a general duty to defend, the question of whether the insurer is obligated to prosecute an appeal from a judgment adverse to an insured must be resolved in the context of the duty of good faith and fair dealing owed by the insurer to its insured. *Lincoln Park Arms,* 287 Ill. App. at 536-37, 5 N.E.2d at 780.

We need not reach the issue of whether such circumstances were present in this case. If Illinois Founders owed no duty to defend Luksik in the first instance, it clearly had no duty to appeal a judgment against him. Count III of the Guidishes' personal injury complaint in the tort action requested relief against Luksik for battery alleging that Luksik willfully and wantonly struck James Guidish with a bat. It further alleged that malice was the gist of the action. The Illinois Founders' policy in issue specifically excluded from coverage bodily injury suffered or alleged to have been suffered arising out of a battery. Because the sole claim against Luksik was battery, Illinois Founders had no obligation to defend Luksik in the first instance. Therefore, it had no duty to prosecute an appeal on his behalf. See *Maryland Casualty,* 64 Ill. 2d 187, 355 N.E.2d 24; *Aetna Casualty & Surety Co. v. Freyer* (1980), 89 Ill. App. 3d 617, 411 N.E.2d 1157.

In reaching the above conclusion, we are aware of cases that have compelled an insurer to defend its putative insured even though the complaint, standing alone, did not allege an occurrence potentially within the policy's coverage. These cases involve circumstances where the insurer had knowledge of true but unpleaded facts which, when taken together with the complaint's allegations, indicated that the claim was potentially within the policy's coverage. *La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 408 N.E.2d 928; *Associated Indemnity Co. v. Insurance Co.* (1979), 68 Ill. App. 3d 807, 386 N.E.2d 529.

Such is not the circumstance in the case at bar. When the trial court declared that Illinois Founders had no duty to prosecute an appeal, it had before it not only count III of the Guidishes' complaint but also Luksik's conviction for the criminal charge of aggravated battery arising from the occurrence. The conviction was *prima facie* evidence that Luksik committed battery when he struck James Guidish. (*Thornton*, 74 Ill. 2d 132, 384 N.E.2d 335.) Once Illinois Founders placed this evidence before the court in support of its motion for summary judgment, the burden shifted to Luksik to come forward with some evidence to rebut the presumption created by his criminal conviction. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497; *Kielbasa v. St. Mary of Nazareth Hospital* (1991), 209 Ill. App. 3d 401, 568 N.E.2d 208.) Luksik, however, submitted nothing to oppose Illinois Founders' evidentiary material. As a result, not only is there a total lack of evidence in the record to show that Illinois Founders had knowledge of true facts which might bring Luksik's actions within the coverage of the policy, the unrebutted evidence established that, to the contrary, his actions were specifically excluded.

By reason of the foregoing, we reverse those portions of the trial court's orders which declared that there was no insurance coverage for counts I and II of the Guidishes' fourth-amended complaint and remand the matter to the trial court with directions to stay all proceedings relating to coverage on counts I and II until the Guidishes' appeal from the dismissal of those counts is resolved. Also, we affirm the trial court's declaration that Illinois Founders owed no duty to prosecute an appeal from the judgment entered against Luksik in the underlying tort action.

Affirmed in part, reversed in part, and remanded with directions.

JIGANTI, P.J., and CAHILL, J., concur.