58 F.3d 299
 101 Ed. Law Rep. 122
 John R. ROGERS, Joan Rogers, and Board of Education of
Joliet Township High School District No. 204,
Plaintiffs-Appellants,
v.
Frank W. DESIDERIO, Superintendent of the Will County
Educational Service Region, et al., Defendants-Appellees.
 No. 95-1228.
 United States Court of Appeals,
Seventh Circuit.
 Argued June 5, 1995.
Decided June 20, 1995.
 
 Timothy J. Rathbun (argued), Gary S. Mueller, Christopher N. Wise, Frank S. Cservenyak, Jr., McKeown, Fitzgerald, Zollner, Buck, Hutchison & Ruttle, Joliet, IL, for plaintiffs-appellants.
 David M. Shiffer, Office of the State's Atty., Joliet, IL, for defendants-appellees Frank M. Desiderio, Regional Bd. of School Trustees of Will County, Ill.
 Stuart D. Gordon, Chicago, IL, for remaining defendants-appellees except Bd. of Educ. Lincoln-Way Community High School Dist. No. 210, County of Will, State of Ill.
 Diane S. Cohen, Scariano, Kula, Ellch & Himes, Chicago, IL, Robert H. Ellch, John M. Izzo (argued), Sheila C. Riley, Scariano, Kula, Ellch & Himes, Chicago Heights, IL, for defendant-appellee Bd. Educ. Lincoln-Way Community High School Dist. No. 210, County of Will and State of Ill.
 Before POSNER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.
 EASTERBROOK, Circuit Judge.
 
 
 1
 This court deprecates the practice of filing two suits over one injury--often with an argument based on state law presented to a state court, and an argument arising under federal law presented to a federal court. Multiplication imposes needless costs on one's adversary, on the judicial system, and on other litigants, who must endure a longer queue. Plaintiffs hope that more suits will improve their chances: they seek the better of the outcomes. To discourage the tactic, judges award plaintiffs not the better outcome but the first outcome: whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (res judicata) requires the other court to dismiss the litigation. E.g., Davis v. Chicago, 53 F.3d 801 (7th Cir.1995); Button v. Harden, 814 F.2d 382 (7th Cir.1987); Frier v. Vandalia, 770 F.2d 699 (7th Cir.1985); Hagee v. Evanston, 729 F.2d 510 (7th Cir.1984). Instead of improving plaintiffs' chances, claim-splitting reduces them--for the first court will not have entertained all of the arguments, and the missing ones may have been winners. This penalty for claim-splitting ought to eliminate the practice; a plaintiff cannot do worse by presenting all claims to one forum. But some lawyers are ignorant of the rule, or hope that courts will ignore it, for claim-splitting continues. This case is an example.
 
 
 2
 Illinois permits the residents of a school zone to move the territory from the jurisdiction of one school district to another by petition, provided that two-thirds of the zone's residents approve, the tract contains 10% or less of the valuation of the ceding district, and the resulting new district will be contiguous. 105 ILCS 5/7-2b. Residents of Cherry Hill have voted twice to detach a parcel from School District 204 and annex it to School District 210. The first effort, in 1992, flunked the contiguity requirement, but the second referendum moved only an area that is contiguous with School District 210. Will County's Regional Board of School Trustees concluded that the second referendum is valid and approved the transfer. Plaintiffs (School District 204 and two of its residents) then filed two suits: one in the Circuit Court of Will County contending that the failure of the 1992 effort blocks another vote so soon, and that the referendum mechanism violates the Constitution of Illinois; a second in the United States District Court for the Northern District of Illinois contending that the referendum permits outlying residents of a school district to remove their children from schools whose racial composition displeases them and therefore violates the Constitution of the United States. They have lost twice: the Circuit Court decided against them on the merits, and the District Court dismissed the suit on the surprising ground that Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), requires a federal court to abstain.
 
 
 3
 Surprising the ground is, because abstention under Younger's designed to prevent interference with proceedings presenting important issues of state policy or power--either direct (as by enjoining their continuation) or indirect (as by deciding an issue before the state tribunal and, under the law of preclusion, preempting the state's consideration of the question). See Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (applying the Younger principle to declaratory judgments); Ohio Civil Rights Commission v. Dayton Christian Schools, Inc., 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986); Nelson v. Murphy, 44 F.3d 497 (7th Cir.1995). Where the borders of school districts fall is a question important to Illinois, for it allocates responsibility among the state's political subdivisions, but Illinois does not want to litigate that question against District 204 in its own courts. Indeed, the Regional Board (the state's proxy in this case) does not want to litigate that question anywhere. It wishes that District 204 would pack up its portfolio and go away. District 204 had free choice between federal and state court. Its federal suit is not designed to interfere with or undercut the state case; District 204 hardly wants to do that, since its strategy is to have multiple contests and to take the result it deems preferable. We could not find any case applying the Younger principle to two suits filed by the same party. What District 204 has done is to split its claim, which should be analyzed under the rules for claim-splitting rather than the rules for litigation that asks one set of courts to subvert the work of another.
 
 
 4
 Plaintiffs' claim has been decided in the state court, which usually ends matters. Plaintiffs say that the state rules for administrative review, which confine the state court to the record before the agency (here, the Regional Board), justify a second suit in a court that will compile a new record. They do not describe Illinois law correctly. An administrative review action uses the administrative record, but a party aggrieved by an agency's decision may join a claim under 42 U.S.C. Sec. 1983 and obtain decision of the constitutional issue on an expanded record. Stratton v. Wenona Community Unit District No. 1, 133 Ill.2d 413, 429-30, 141 Ill.Dec. 453, 459-60, 551 N.E.2d 640, 646-47 (1990). We know from Kremer v. Chemical Construction Corp., 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), that principles of preclusion are fully applicable when the first suit is an administrative-review action in state court. Whether or not the aggrieved party makes the federal point in the state case, we held in Davis, a separate federal suit is impermissible once the state court has rendered a decision. Perhaps plaintiffs could have filed their suit in federal court, adding the state-law claims under the supplemental jurisdiction. 28 U.S.C. Sec. 1367(a). We need not decide whether that course would have led to Burford abstention. See Burford v. Sun Oil Co., 319 U.S. 315 (1943); New Orleans Public Service, Inc. v. New Orleans, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). Federal courts employ a number of devices to give state judges the primary responsibility for supervising the state administrative process, so in many cases, of which this may be one, a litigant who wants to present both state and federal objections is as a practical matter driven to the state forum. What matters today is not selection of the superior forum for asserting all of plaintiffs' arguments, but the consequences of a decision to try two forums at once.
 
 
 5
 The preclusive effect of a state judgment in federal litigation depends on the rendering state's law, 28 U.S.C. Sec. 1738, and most states give decisions of the court of first instance preclusive effect whether or not the losing party has taken an appeal (as District 204 has done). Illinois is among these states, or so State Life Insurance Co. v. Board of Education, 401 Ill. 252, 257, 81 N.E.2d 877, 880 (1948), holds. See also Kurek v. Pleasure Driveway and Park District, 557 F.2d 580, 595 (7th Cir.1977) (concluding that Illinois follows the majority rule, which also is the rule for federal judgments); Rosemont v. Lentin Lumber Co., 144 Ill.App.3d 651, 667, 98 Ill.Dec. 470, 480, 494 N.E.2d 592, 602 (1st Dist.1986); Wiseman v. Law Research Service, Inc., 133 Ill.App.2d 790, 793, 270 N.E.2d 77, 80 (4th Dist.1971). Application of this rule would lead to affirmance of the district court's judgment, albeit on a new ground, or perhaps to a stay of proceedings here until the state's appellate court has finished its work. See 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure Sec. 4433 at 308-13 (1981). (A stay may avoid the need to reopen the federal judgment if the state's appellate court should reverse the state judgment.)
 
 
 6
 A decade ago the Supreme Court of Illinois announced that the filing of an appeal suspends the collateral estoppel (issue preclusion) effect of a judgment. Ballweg v. Springfield, 114 Ill.2d 107, 113, 102 Ill.Dec. 360, 362, 499 N.E.2d 1373, 1375 (1986). The court appears to have been unaware that it was contradicting long-settled law; it did not cite any of the cases that looked the other way. One could in principle limit Ballweg to issue preclusion; the effect of a judgment as a bar to other litigation depends on the issues omitted from the complaint, and these cannot be affected by an appeal. But two of the state's intermediate appellate courts have extended Ballweg from issue preclusion to claim preclusion. See Luckett v. Human Rights Commission, 210 Ill.App.3d 169, 175, 155 Ill.Dec. 6, 10, 569 N.E.2d 6, 10 (1st Dist.1989); Pelon v. Wall, 262 Ill.App.3d 131, 135, 199 Ill.Dec. 546, 549, 634 N.E.2d 385, 388 (2d Dist.1994). One of these appellate districts also has continued to apply State Life Insurance, producing an intra-court conflict. See Illinois Founders Insurance Co. v. Guidish, 248 Ill.App.3d 116, 120, 187 Ill.Dec. 845, 849, 618 N.E.2d 436, 440 (1st Dist.1993). Another district hews to the traditional approach. Shaw v. Citizens State Bank of Shipman, 185 Ill.App.3d 79, 81, 133 Ill.Dec. 266, 268, 540 N.E.2d 1132, 1134 (4th Dist.1989). Just as the judges who decided Ballweg, Luckett, and Pelon seemed unaware of cases such as State Life Insurance (and of comparable decisions in the great majority of other states), so the judges who decided Guidish and Shaw seemed unaware of Ballweg, Luckett, and Pelon. This is an unsatisfactory situation, even worse than the confusion described and deplored in Davis and Hagee concerning other aspects of the law of preclusion in Illinois.
 
 
 7
 To be blunt, we have no idea what the law of Illinois is on the question whether a pending appeal destroys the claim preclusive effect of a judgment. Under the circumstances, a stay rather than immediate decision is the prudent course. A federal judge confronted with duplicative litigation need not barge ahead on the off-chance of beating the state court to a conclusion. It is sensible to stay proceedings until an earlier-filed state case has reached a conclusion, and then (but only then) to dismiss the suit outright on grounds of claim preclusion. Colorado River Water Conservation District v. United States, 424 U.S. 800, 817-21, 96 S.Ct. 1236, 1246-48, 47 L.Ed.2d 483 (1976); LaDuke v. Burlington Northern R.R., 879 F.2d 1556 (7th Cir.1989). See also Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 16, 25-26, 103 S.Ct. 927, 941-42, 74 L.Ed.2d 765 (1983); Gonzalez v. Cruz, 926 F.2d 1 (1st Cir.1991); Interstate Material Corp. v. Chicago, 847 F.2d 1285 (7th Cir.1988); Telesco v. Telesco Fuel & Masons' Materials, Inc., 765 F.2d 356 (2d Cir.1985). Cf. Wilton v. Seven Falls Co., --- U.S. ----, 115 S.Ct. 2137, 132 L.Ed.2d 214 (June 12, 1995) (discussing discretionary stays in declaratory judgment actions). A stay requires a good justification; here, although plaintiffs' state and federal suits got underway contemporaneously, the state suit pulled far ahead while the parties debated Younger in the district court. Plaintiffs themselves, by choosing to file two suits, supplied strong reason for a stay. There is no excuse for trying to decide the merits immediately--but also no reason (yet) to dismiss the suit, because, if the state case should break down in a way that avoids the preclusive effect of the judgment, plaintiffs would be entitled to a decision on the merits from the federal court.
 
 
 8
 The judgment is vacated, and the case is remanded with instructions to stay further proceedings pending decision by the state's appellate court, and then to proceed as appropriate in light of the final disposition of the state-court action.