In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1852

Regina McGuire,

Plaintiff-Appellant,

v.

City of Springfield, Illinois,

Defendant-Appellee.

Appeal from the United States District Court
for the Central District of Illinois.
No. 99-3130--Richard Mills, Judge.

Argued January 15, 2002--Decided February 11, 2002


  Before Flaum, Chief Judge, and Coffey and
Easterbrook, Circuit Judges.

  Easterbrook, Circuit Judge.  Turned down
in 1986 for a position as an "operator"
in Springfield's Department of Public
Utilities, Regina McGuire complained to
the Illinois Department of Human Rights
that she had been the victim of sex
discrimination. After considering her
claim for an entire decade (!), the idhr
entered an order in 1996 directing
Springfield to place her in its training
program for the operator's position, and
to grant her back pay and seniority
retroactive to 1987 if she completed the
program successfully. The City put
McGuire into the program as instructed,
and she washed out in May 1998, at the
end of an extended probationary period as
Operator Trainee III. In this suit under
Title VII of the Civil Rights Act of
1964, McGuire contends that this decision
represents retaliation against the
exercise of her right to complain to the
idhr, in violation of 42 U.S.C. sec.2000e-
3(a). The district court granted summary
judgment in Springfield's favor. 133 F.
Supp. 2d 1095 (C.D. Ill. 2001).

  As the district judge saw things,
McGuire's release from the training
program in 1998 was too remote from her
charge of discrimination in 1987 to allow
an inference that the former was a
response to the latter. Often we have ob

served that timing may offer a clue to causation (or its absence) when an employee charges retaliation: a short gap may suggest a causal link, while a long one undercuts an inference of causation. See Lalvani v. Cook County, 269 F.3d 785, 790-91 (7th Cir. 2001); Horwitz v. Board of Education, 260 F.3d 602, 612-17 (7th Cir. 2001). Here the delay was exceedingly long. But the reason a long wait often implies no causation--that supervisors out to punish someone likely do so at an early opportunity after the event, while delay makes an intervening cause more likely--does not apply. Springfield removed McGuire from the training program at an early opportunity. Not the first; it could have dismissed her at stage I or II rather than allowing her to progress to Trainee III; but the dismissal still came before the end of the program. Passage of time was not necessarily a sign of forbearance; it does not signal that the employer remained satisfied with the employee's work despite the charge of discrimination. Instead the delay reflects molasses in the administrative process. Because the idhr took a decade to issue its order, the City had no earlier opportunity to remove McGuire from the training program.

A causal link between the charge of discrimination and the employer's action need not demonstrate unlawful retaliation, however. Suppose that the idhr had ordered Springfield to pay McGuire $100,000 in back pay in lieu of placing her in the training program, and that the City had done so. There would be a causal chain: charge leading to decision leading to payment. Yet the payment could not be labeled "retaliation" for the charge, kicking off another round of complaint. "Consequence" yes; "retaliation" no. An employer's action can be called "retaliation" only if it makes the employee worse off on account of the protected activity. Forking out $100,000 in damages does not make an employee worse off--even if the employee really wanted a larger award. To generalize, a series of events that an employee would pay to avoid might sensibly be called "retaliation," while a series of events that an employee would pay to enjoy cannot be deemed retaliatory. Cf. Henn v. National Geographic Society, 819 F.2d 824 (7th

Cir. 1987). McGuire would have paid for the opportunity to receive training (and the big back-pay award plus super-seniority at the end if she succeeded); she received wages during training and does not contend that she took a pay cut or gave up other valuable opportunities to participate. That she did not obtain all of the benefits she anticipated does not demonstrate retaliation. She remains better off than she was before she filed a charge of discrimination.

Another monetary example makes the point. Suppose once again that the idhr had required Springfield to pay McGuire $100,000, but this time the City failed to do so, writing a check for $25,000 but refusing on account of a budget shortfall (or even dissatisfaction with the idhr's decision) to pay the remainder. Could this be deemed "retaliation" for the original charge of discrimination and support a judgment under sec.2000e-3(a)? We don't see how. McGuire would be better off than before (to the tune of $25,000); and if the City failed to carry out the idhr's instructions, that would be a violation of the idhr's order, not of federal law. Similarly, if the National Labor Relations Board orders an employer that has resisted unionization at every turn to bargain collectively with its workers, and the employer engages in surface bargaining that collapses without producing a collective bargaining agreement, this obstinacy could not be thought "retaliation" against the union for filing an unfair-labor-practice charge.

Failure to pay a judgment or comply with an injunction entered by a court or agency cannot usefully be called "retaliation for filing the complaint"; nor is slow payment or even nonpayment a separate violation of federal law. See Evans v. Chicago, 10 F.3d 474 (7th Cir. 1993) (en banc). It is just a reason to enforce the judgment in supplemental proceedings. So too here. McGuire should have complained to the idhr if she believed that the City had undermined the idhr's order by dismissing her from the training program without adequate cause. At oral argument McGuire's lawyer said that he had complained to the idhr andfollowed up with a suit in state court, which has stayed proceedings pending the outcome of the federal case.

What counsel did not explain is why he split McGuire's theories in this fashion, exposing her to a defense of claim preclusion (res judicata) once the first case reaches judgment. See Rogers v. Desiderio, 58 F.3d 299 (7th Cir. 1995); Durgins v. East St. Louis, 272 F.3d 841 (7th Cir. 2001). Her state-law theory could have been presented in federal court under the supplemental jurisdiction. But it was not, and there is no substantial federal claim. McGuire is a beneficiary of the idhr's order, and that the benefit could (or even should) have been greater does not amount to retaliation for initiating the proceedings.

Affirmed