DOCTOR'S ASSOCIATES, INC.,
Plaintiff–Appellee,

v.

Raymond BICKEL, Individually, and as Special Administrator for Sandra Bickel, Deceased, Defendant–Appellant,

Emily DISTAJO, Renato Distajo, Constantino Lamando, Milolamando, Jose Alberto Brenes, Alvaro Guerrero, Maria T. Guerrero, Wesam S. Youmaran, Julie Shino, Johnson Shino, Albert Yonan, Louis Loenneke, Mary Ann Bookout, Michael Johnson, Deborah A. Kane, Gregory F. Kane, Bruno Gianinni, John A. McCrary, John Gillon, Sonya Smith, Paul Riise, Melissa Riise, Rhonda Benton, Ronald Rothmund, Johns. Papaleo, Sandra Bickel, Mike Mushtaq Kanchwala, Anverkanchwala, Azim Hemani, Donald A. Stuart and Martin Schwarze, Defendants.

No. 03–9318.

United States Court of Appeals, Second Circuit.

Jan. 13, 2005.

Erika L. Amarante (Kevin M. Kennedy, on the brief), Wiggin & Dana LLP, New Haven, CT, for Plaintiff–Appellee.

David M. Duree, David M. Duree & Associates, P.C., O'Fallon, IL, for Defendant–Appellant.

Present: MESKILL, CALABRESI, and WESLEY, Circuit Judges.

## AMENDED SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the

District Court be and it hereby is **AF-FIRMED**.

Defendant–Appellant Raymond Bickel and the estate of his deceased wife, Sandra (collectively, "the Bickels"), appeal from the decision of the District Court (Dorsey, *J.*) confirming the arbitration award which purported to resolve their dispute with Plaintiff–Appellee Doctor's Associates, Inc. ("DAI"). On appeal, the Bickels allege that the arbitrator exceeded his authority or "manifest[ly] disregard[ed] the law" in entering the arbitration award, as he failed to afford res judicata effect to a prior default judgment obtained by the Bickels. *See* 9 U.S.C. § 10 (setting out the bases for vacating an arbitration award). The Bickels also contend that a prior judgment, obtained by their landlord Victoria Janotta against defendant DAI, should have been afforded collateral estoppel effect. *See Jannotta v. Subway Sandwich Shops, Inc.,* 225 F.3d 815 (7th Cir.2000); *Jannotta v. Subway Sandwich Shops, Inc.,* 125 F.3d 503 (7th Cir.1997).

■ The Bickels' initial claim was resolved by this court in an earlier appeal of this case. *See Doctor's Associates v. Distajo,* 66 F.3d 438 (2d Cir.1995). In *Distajo,* we concluded that the Bickels' default judgment should not be afforded res judicata effect because it would not be considered "final" under Illinois law. This conclusion rested on our determination that, under Illinois law, "[a] judgment is not final, and thus not entitled to preclusive effect, until the time for appeal has expired [or until appeals have been exhausted]." *Id.* at 449. Because the Bickels' default judgment remained pending before the trial court in Illinois, we concluded that it could not be afforded claim-preclusive effect. *See id.* at 450.

The law of Illinois on whether a judgment should be considered "final" for claim preclusive purposes while time for appeals remains is, at best, unclear. *See, e.g., Rogers v. Desiderio,* 58 F.3d 299, 301–02 (7th Cir.1995). Our ruling in *Distajo,* that preclusion would not be given, was a reasonable interpretation of Illinois precedents as they existed at that time.[1] Notwithstanding the Bickels' arguments to the contrary, Illinois law has not been materially clarified in the time since *Distajo* was decided. *Distajo'* s ruling on this point thus remains the law of the case, and we decline the Bickels' invitation to revisit it. *See generally Doe v. New York City Dep't of Social Servs.,* 709 F.2d 782, 789–90 (2d Cir.1983) (setting out the circumstances in which we will revisit an issue resolved by our court in earlier stages of the same proceeding).

■ We also reject the Bickels' argument that the arbitrator should have afforded the *Jannotta* judgment collateral estoppel effect on the issue of damages. The Bickels introduced no evidence from which an arbitrator (or the courts) might conclude that the amount of their damages was actually resolved in the *Jannotta* litigation. They have therefore failed to meet their burden of demonstrating an identity of the issues presented in this litigation and those ruled on in *Jannotta.* *See People v. Daniels,* 187 Ill.2d 301, 240 Ill.Dec. 668, 718 N.E.2d 149, 162 (Ill.1999).

DAI has requested sanctions against the Bickels for their pursuit of this appeal. We conclude that an award of sanctions is not warranted.

We have considered all of the Bickels' arguments and find them to be without merit. We therefore AFFIRM the judg-

---

1. The Illinois Supreme Court does not accept certification except from the United States Supreme Court and the Seventh Circuit, *see* Ill. Sup.Ct. R. 20. There is, therefore, no way for our court to obtain a definitive ruling on how Illinois would dispose of the issue.

ment of the District Court. DAI's motion for sanctions is DENIED.