2022 IL App (1st) 210343-U

SIXTH DIVISION
December 16, 2022

No. 1-21-0343

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| FIAZE ISSA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 M1 125188 |
| | ) | |
| ALLSTATE INSURANCE, | ) | Honorable |
| | ) | Rebecca Mescall, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices C.A. Walker and Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Dismissal of plaintiff's complaint with prejudice is affirmed where plaintiff failed to state a claim for legal malpractice or for breach of duty based on his insurer's election not to appeal a jury verdict falling within policy limits.

¶ 2    Allstate Insurance defended its insured, Fiaze Issa, at trial in an action for damages caused by Mr. Issa's negligent driving. The jury found in favor of the plaintiff in that case, and Allstate indemnified Mr. Issa for the full amount of the judgment, which was well within the policy limits. Mr. Issa, though not personally liable for any part of the judgment, wanted Allstate to appeal the judgment. Allstate declined to do so. Mr. Issa then filed a *pro se* complaint against Allstate for

legal malpractice and breach of duty, alleging that his insurance premiums had increased as a result of the judgment against him. The circuit court granted Allstate's motion to dismiss the complaint under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)), and Mr. Issa now appeals. For the reasons that follow, we affirm the circuit court's order dismissing the complaint with prejudice.

¶ 3                                              I. BACKGROUND

¶ 4      The summary that follows is taken from the record on appeal, including the parties' agreed statement of facts made pursuant to Illinois Supreme Court Rule 323(d) (West 2020) (eff. July 1, 2017).

¶ 5      On October 15, 2017, Mr. Issa was an insured driver under Allstate's auto insurance policy No. 932 210 330 when he rear-ended the vehicle of Alicia Contreras. Ms. Contreras filed suit against Mr. Issa (case No. 2018 M1 30311) (the Contreras case), seeking compensation for property damage and personal injury. Allstate defended Mr. Issa in that action, which Mr. Issa alleged resulted in a jury verdict for Ms. Contreras in the amount of $14,000. Mr. Issa has further alleged that Allstate paid an additional $6000 to Ms. Contreras for damage to her vehicle. Allstate disputes these figures, but the parties agree that the total amount paid to Ms. Contreras fell well beneath Mr. Issa's per-person policy limit of $100,000.

¶ 6      Mr. Issa requested that Allstate appeal the verdict, and Allstate declined to do so.

¶ 7      On December 2, 2020, Mr. Issa filed his *pro se* complaint against Allstate in the present case, claiming both that Allstate's lawyer negligently committed certain errors at trial and that Allstate breached its duty to defend him in the litigation by failing to appeal the jury's verdict. Mr. Issa sought $1981.88 in compensatory damages—the amount he claimed Allstate had overcharged him for insurance coverage following his accident.

¶ 8    Allstate moved to dismiss the complaint pursuant to section 2-615 of the Code. Allstate argued that its lawyer had competently represented Mr. Issa at trial, that it had no duty to prosecute an appeal on Mr. Issa's behalf where the judgment in the Contreras case was within the coverage limits of the policy, and that even if a duty to appeal could arise under these circumstances, there were no reasonable grounds for appeal. Because it was apparent from the facts alleged that no amendment would cure these defects, Allstate asked the circuit court to dismiss Mr. Issa's complaint with prejudice.

¶ 9    Mr. Issa argued in response that a duty to appeal can arise from the duty of good faith and fair dealing that an insurer owes to its insured. He maintained that reasonable grounds for appeal existed, including the trial court's failure to strike down the jury's verdict based on purported admissions made by Ms. Contreras at trial regarding the true extent of her injuries.

¶ 10    On February 19, 2021, the circuit court entered a written order dismissing Mr. Issa's claims with prejudice. The court held that Mr. Issa had failed to state a claim on which relief could be granted and, specifically, that he had failed to cite any legal authority establishing a duty to appeal the jury's verdict in the Contreras case. The court agreed that Allstate owed Mr. Issa a duty of good faith and fair dealing but concluded that it had fulfilled that duty by defending him in the underlying litigation and fully indemnifying him for the damages awarded to Ms. Contreras. The court understood that Mr. Issa was unhappy with the increased cost of his insurance but concluded that he had alleged no facts supporting a claim of legal malpractice or breach of duty.

¶ 11    Following additional briefing and oral argument, the court denied Mr. Issa's motion to vacate the dismissal order pursuant to section 2-1301 of the Code (735 ILCS 5/2-1301 (West 2020)). Mr. Issa now appeals.

¶ 12                                    II. JURISDICTION

¶ 13     The circuit court denied Mr. Issa's motion to vacate the dismissal order on March 22, 2021, and Mr. Issa timely filed his notice of appeal on March 29, 2021. We have jurisdiction over this appeal pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017), governing appeals from final judgments in civil cases.

¶ 14                                    III. ANALYSIS

¶ 15     On appeal, Mr. Issa argues that it was error for the trial court to dismiss his complaint because he sufficiently pleaded facts that, taken as true, established Allstate's lawyer committed negligent errors at trial and that Allstate breached its duty to him by failing to appeal the judgment in the Contreras case. Allstate argues in response that its lawyer provided Mr. Issa with a competent defense, that it had no duty to appeal where the judgment fell within Mr. Issa's policy limits, and that even if it did, no reasonable grounds for appeal existed.

¶ 16     "A section 2-615 motion to dismiss [citation] challenges the legal sufficiency of a complaint based on defects apparent on its face." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). "In reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts" and view the allegations in the light most favorable to the plaintiff. *Id.* Dismissal is proper where it is "clearly apparent that no set of facts can be proved that would entitle the plaintiff to recover." *Id.* We review the dismissal of a complaint under this section *de novo*. *Alpha School Bus Company, Inc. v. Wagner*, 391 Ill. App. 3d 722, 735 (2009).

¶ 17                                    A. Legal Malpractice

¶ 18     We first consider Mr. Issa's claim that Allstate's lawyer was negligent at trial. To state a claim for legal malpractice, a plaintiff must allege facts establishing that "(1) the defendant

4

attorney owed the plaintiff client a duty of due care arising from an attorney-client relationship, (2) the attorney breached that duty, (3) the client suffered an injury in the form of actual damages, and (4) those damages were proximately caused by the breach." *Fox v. Seiden*, 382 Ill. App. 3d 288, 294 (2008).

¶ 19    Mr. Issa argues on appeal that Allstate's lawyer failed to adequately respond to Ms. Contreras's "surprise admission" that she had not told the truth about the extent of her injuries, failed to deliver an adequate closing argument, and failed to attack the jury's verdict in post-trial motions. We need not scrutinize the lawyer's actions at trial, however, where Mr. Issa has failed to plead facts establishing that any of these purported acts of professional negligence were the proximate cause of his injury.

¶ 20    "In cases involving litigation, no legal malpractice exists unless the attorney's negligence resulted in the loss of an underlying cause of action." *Governmental Interinsurance Exchange v. Judge*, 221 Ill. 2d 195, 200 (2006). "[T]he burden of pleading and proving actual damages [thus] requires establishing that 'but for' the attorney's negligence, the client would have been successful in the underlying suit." *Id.* Although Mr. Issa acknowledges this case-within-a-case requirement on appeal, he failed to allege any facts which, taken as true, suggest that with different representation he could have successfully avoided liability in the Contreras case. Indeed, Mr. Issa admitted in his complaint in this matter that he "was at fault for a low speed fender bender" when he rear-ended Ms. Contreras. Mr. Issa's sole contention is that the damages awarded to Ms. Contreras were inflated.

¶ 21    But Mr. Issa's allegations failed to connect the amount of the judgment in the Contreras case to any injury that he himself suffered. He alleged in his complaint that he made payments to Allstate every six months. In 2017, before the accident occurred, he made two payments of

$571.52. The accident occurred on October 15, 2017, and Mr. Issa's next payment, made on April 3, 2018, was $1016.38—significantly more than his previous payments. The Contreras case was filed on June 11, 2018, and Mr. Issa's next three payments, made while the case was pending, were for $976.06, $876.98, and $890.01, respectively. His payments on April 15 and October 15, 2020, after the conclusion of the Contreras case, were for $855.25 and $796.32, *less* than what he paid before the jury returned its verdict. Taken as true, these facts do not establish that the result of the Contreras case, much less the purported negligence of Allstate's attorney, was a proximate cause of Mr. Issa's increased insurance premiums. The allegations instead suggest that it was the accident itself that proximately caused the increases. As Mr. Issa has not persuaded us that any other reasonable conclusion can be drawn from these facts, we conclude that the trial court's dismissal of his legal malpractice claim with prejudice was proper.

¶ 22                              B. Duty to Appeal

¶ 23     The trial court also dismissed Mr. Issa's claim for breach of duty based on Allstate's election not to pursue an appeal in the Contreras case. Allstate argues that it had no duty to appeal where the judgment fell within Mr. Issa's policy limits. We are inclined to agree. Generally, an insurance policy gives rise to two duties on behalf of the insurer to the insured: the duty to defend and the duty to indemnify for covered losses. See *CMK Development Corp. v. West Bend Mutual Insurance Co.*, 395 Ill. App. 3d 830, 839 (2009). The duty to defend arises where the facts alleged in the underlying litigation potentially fall within the policy's coverage. *State Farm Fire & Casualty Co. v. Young*, 2012 IL App (1st) 103736, ¶ 12. Although the duty to defend does not automatically encompass a duty to appeal an adverse judgment, such a duty can arise "in the context of the duty of good faith and fair dealing owed by the insurer to its insured" where "reasonable grounds are present" for bringing an appeal. *Illinois Founders Insurance Co. v.*

*Guidish*, 248 Ill. App. 3d 116, 122 (1993).

¶ 24    We need not decide whether reasonable grounds for an appeal existed here, however, because there was no adverse judgment exceeding the policy limits in this case. As we noted in *Haddick ex rel. Griffith v. Valor Insurance*, 198 Ill. 2d 409, 416 (2001), "[w]hen damages sought by a third party against the insured do not exceed the policy limits," the insured "is not at risk of personal liability." In such cases, "the question of whether the claim be compromised or settled, or the manner in which it shall be defended, is a matter of no concern to the insured." (Internal quotation marks omitted.) *Id.* Mr. Issa has cited no case recognizing an insurer's duty to appeal a verdict falling within the policy limits. And we see no reason to treat an insurer's decision not to appeal a judgment within policy limits any differently than its decision to enter into a settlement within policy limits, something the caselaw is clear may be done with or without the approval of the insured.

¶ 25    Here, there is no question that Allstate both fulfilled its duty to defend Mr. Issa in the Contreras case and indemnified him for the full amount of the judgment the jury rendered in Ms. Contreras's favor. Under these facts, Allstate had no duty to appeal the judgment. Mr. Issa's dissatisfaction with the outcome of the underlying litigation and his disagreement with Allstate's litigation strategies are insufficient, on their own, to state a claim for breach of duty.

¶ 26                                 IV. CONCLUSION

¶ 27    Taken in the light most favorable to Mr. Issa, the allegations in this case fail to state claims for legal malpractice or breach of duty. The circuit court's dismissal with prejudice of Mr. Issa's complaint is affirmed.

¶ 28    Affirmed.