This appeal comes to us from the Lucas County Court of Common Pleas. There, an insurer was granted partial summary judgment on its declaratory request to be held without a duty to defend and indemnify an insured. The insurer also prevailed on the insured's cross-claim alleging bad faith. Because the trial court properly determined that the insurer had no duty to defend, we affirm.
Appellant, International EPDM Rubber Roofing Systems, Inc., is a manufacturer and distributor of a roofing system which is generally used in commercial applications. Appellant provided a limited warranty to purchasers of its product. This warranty specifically disclaimed any liability for "* * * INCIDENTAL OR CONSEQUENTIAL DAMAGES * * *" arising out of failure of its roofing system.
In the early 1990s, appellant was sued in eleven separate lawsuits in eight states; each suit alleged that appellant's product had failed to perform and that appellant had not corrected these problems within the terms of its warranty. Appellant sought defense and indemnification from its insurer, appellee GRE Insurance Group d.b.a. the Midwestern Indemnity Company.
In response to appellant's claims, appellee initiated the declaratory judgment action which underlies this appeal. Appellee sought a declaration that, pursuant to the terms of the insurance policies issued to appellant, it had no duty to defend or indemnify against these suits. Appellant counterclaimed, seeking a declaration that appellee did have the duty to defend and further alleged bad faith in appellee's denial of its claims.
After analyzing the language of the policies at issue, the trial court concluded that appellee had a duty to defend and indemnify only in circumstances where there was a claim for consequential damages and it was possible that a court might find appellant's consequential damages warranty exclusion unenforceable. In reviewing the nature of individual suits, the trial court ruled that appellee had no duty to defend against three Minnesota cases in which no consequential damages had been alleged. However, the court found such a duty did exist for the remaining eight cases. Appellant's appeal was unavailing. GREInsurance Group v. Int'l EPDM Rubber Roofing Systems, Inc. (June 28, 1996), Lucas App. No. L-95-306, unreported.
The matter was then returned to the trial court where, sometime later, appellee moved for summary judgment. Appellee submitted in support of its summary judgment motion the affidavit of its district claims manager who stated that, pursuant to the terms of the appellate decision, it had "* * * defended to conclusion, by trial or settlement * * *" the eight cases in which consequential damages had been alleged.
Appellant opposed appellee's motion and moved itself for summary judgment. Appellant submitted correspondence between the parties and the affidavits of appellant's principals which the trial court characterized in its first partial summary judgment decree as, "* * * consisting primarily of vague, conclusory allegations * * *" and in many instances beyond the knowledge of the affiants. Nevertheless, the court concluded that a careful reading of the relevant portions of appellant's submission set up a question of fact as to whether appellee had fully defended and indemnified appellant in two cases: one involving a Missouri school building, the other a Michigan shopping center. On this conclusion, the trial court granted appellee's motion with respect to all the cases except the Missouri and Michigan suits and denied appellant's summary judgment motion. The trial court also invited further submissions on the remaining issues.
In response to the court's invitation, appellee renewed its summary judgment motion and submitted a supplemental affidavit from the insurer's district claims manager. In that affidavit, the claims manager averred that the Missouri case had been settled by the installing contractor's bonding company for the replacement cost of the roof. A separate subrogation claim was then brought against appellant by the bonding company. Appellee declined to provide a defense in the subrogation suit, according to the district claims manager, because no consequential damages were involved.
In the Michigan shopping center case, the district claims manager averred that appellee provided a defense for appellant through arbitration and a trial de novo, but declined to pursue an appeal of an adverse judgment because it concluded that no reasonable ground existed for such an appeal. The affidavit concluded that, "[u]pon information and belief, [appellant] did in fact pursue an appeal through its own personal attorneys, but that appeal was in fact unsuccessful."
Appellant submitted a responsive affidavit which the trial court characterized as, "* * * aver[ring] in the most general terms that [appellee] did not provide an adequate defense * * *" in the Missouri or Michigan cases. The court concluded that these affidavits were insufficient to create a triable question of fact and granted appellee summary judgment on the remaining issues.
Appellant now appeal these decisions, setting forth the following three assignments of error:
 "I. The trial court erred in finding that facts submitted by plaintiff were sufficient to require summary judgement dismissing defendants cross-complaint seeking damages for breach of contract and bad faith and dening [sic] coverage for claims against defendant.
 "II. The trial court erred in refusing to find that facts submitted by defendant showed disputes of fact sufficient to require denial of summary judgement.
 "III. The trial court erred in failing to order partial summary judgement as to facts supporting insurance coverage, breach of contract and bad faith by plaintiff."
All of appellant's assignments of error contest the trial court's decision to deny its motion for summary judgment and to grant appellee's. We will discuss them together.
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ.R. 56(E).
When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseffv. Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75,79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Needham v.Provident Bank (1996), 110 Ohio App.3d 817, 826, citing Andersonv. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
Once more, appellant invites us to revisit the issue of coverage. We decline appellant's offer. See Nolan v. Nolan
(1984), 11 Ohio St.3d 1, 3-4. In our original review of this matter, we determined that the language of the insurance policies at issue here excluded all coverage except for judgments against appellant for consequential damages. GRE Insurance Group v. Int'lEPDM Rubber (June 28, 1996), supra at 21. Therefore, where no consequential damages were alleged or when it was no longer possible for consequential damages to be awarded, appellee had no duty to indemnify appellant nor to defend the suit beyond that point.
Bearing this in mind, it is clear from the outset that appellee was not contractually obligated to defend the three Minnesota cases as it is unrefuted that no consequential damages were sought there. With respect to six other cases, appellee submitted the affidavit of its district claims manager in support of its motion for summary judgment, stating that it had indeed defended these cases and in some instances provided partial indemnification. These assertions are not denied with any particularity in any of the affidavits submitted by appellant's officers.
Appellee's affidavit delineates a specific basis for its motion. Having done so, the burden shifts to appellant to respond with specific facts demonstrating that a genuine issue of material fact remains. At least with respect to these six cases, appellant failed in this burden.
Remaining are the Missouri and Michigan cases. In Missouri, appellant's materials were used to roof a school building, apparently with poor results. Attempts at repair were unsuccessful. The school system sued appellant and the local contractor for damages. It is unrefuted that appellee provided a defense to appellant through the conclusion of this suit, the result of which was a $131,500 settlement paid by the contractor's bonding company.
According to the affidavit of appellee's district claims manager, this settlement was only to repair or replace the defective roof: no consequential damages were included. Therefore, when the contractor's bonding company brought suit against appellant to recover the $131,500 it expended, appellee declined to continue to provide a defense because once the award of possible consequential damages dissipated, so did its duty to indemnify and defend. Attached to the district claims manager's affidavit was the complaint of the contractor's bonding company which characterized the $131,500 for, "* * * remedy and repair [of] the defects in the roof * * *."
Appellant's responsive pleading on this issue only involved the submission of the same complaint and certain correspondence between appellant and appellee on the Missouri claim. None of these documents asserted that any part of the $131,500 was for consequential damages. Since appellee's duty to indemnify and defend was dependant on possible consequential damages and appellant failed to dispute appellee's assertion that none existed here, summary judgment was proper regarding the Missouri case.
In Michigan, appellant's products were used to roof a shopping center. When this installation proved unsatisfactory, the owner of the shopping center claimed against appellant's warranty. Appellee provided appellant a defense through arbitration (which resulted in an award against appellant in the amount of $40,000) and through a trial de novo (in which a jury awarded the shopping center $53,750 and attorney fees) as well as post trial motions. Appellee declined, however, to continue its participation on appeal. Appellant then financed its own appeal upon which it failed to prevail.
Appellant insists that appellee's duty to defend extended through the appeal. Appellee responds that it evaluated the possibility of a successful appeal and concluded it unlikely. Appellee suggests the prudence of this decision is supported by the fact that appellant was, in fact, unsuccessful on appeal. In any event, appellee asserts that the claim at arbitration contained no request for consequential damages and the award of $53,750, "* * * was the precise amount of the cost to replace the roof * * *" less payments from other parties.
The issue of whether an insurer's duty to defend extends to an appeal has not been directly addressed in Ohio. Appellee cites an Illinois case, Illinois Founders Ins. Co. v. Guidish
(1993), 248 Ill.App.3d 116, for the proposition that an insurer need only appeal where there are reasonable grounds to do so. However, this is not an issue we need reach. Here again appellant's affidavits asserted that the Michigan case included no consequential damages. Appellant's only response to this assertion was to submit documents related to the case, one of which is a letter from Michigan counsel which states that the case does not involve consequential damages. It is, therefore, uncontroverted that no consequential damages were in the Michigan case and, pursuant to our prior ruling, appellee had no duty to defend past the point this was established.
Accordingly, with the Michigan case as with the others, the trial court properly determined that appellee was entitled to judgment as a matter of law.
With respect to appellant's bad faith counterclaim, thesine qua non of such a claim is a lack of reasonable justification for denying the claim. Zoppo v. Homestead Ins. Co.
(1994), 71 Ohio St.3d 552, paragraph one of the syllabus. Here, appellee repeatedly provided appellant with detailed reasons for its denial of coverage based on the exclusionary language of the insurance policies. In our prior review of this case, we concluded that appellee's contract interpretation was correct except for a single narrowly defined area.
Obviously, if a reason for coverage denial is correct, it is per se reasonable. Moreover, although we concluded in our prior consideration that appellee had a duty to defend and indemnify in a single area, appellee's position on this aspect was not so erroneous as to be unreasonable. Consequently, we cannot conclude that appellee's initial denial of coverage was not in good faith.
Accordingly, all of appellant's assignment of error are not well-taken.
Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.