# Illinois Official Reports

## Appellate Court

---

### *People v. Baldwin*, 2020 IL App (1st) 160496

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DERRICK BALDWIN, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Nos. 1-16-0496, 1-16-2191 cons. |
| Filed | June 26, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CR-2690; the Hon. Maura Slattery Boyle, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | Derrick Baldwin, of Ina, appellant *pro se*.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Mary L. Boland, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.<br>Justices Rochford and Delort concurred in the judgment and opinion. |

¶ 1       The defendant, Derrick Baldwin, appeals from orders of the circuit court (1) finding him to be a sexually dangerous person and remanding him to the custody of the Director of the Illinois Department of Corrections as guardian, (2) denying his motion for a new trial, and (3) denying his motion for reconsideration. For the reasons that follow, we vacate the order and judgment finding the defendant to be a sexually dangerous person and remanding him to the custody of the Director of the Illinois Department of Corrections as guardian and remand the matter to the circuit court for a new trial on the State's petition to declare the defendant to be a sexually dangerous person.

¶ 2       In the instant case, No. 13 CR 2690, the defendant was charged by indictment with home invasion, residential burglary, aggravated criminal sexual abuse, and unauthorized video recording. On July 23, 2014, the State filed a petition pursuant to section 3 of the Sexually Dangerous Persons Act (Act) (725 ILCS 205/3 (West 2012)), seeking to have the defendant declared a sexually dangerous person. The defendant elected to proceed *pro se* and refused the trial court's offer to appoint counsel for him. Nevertheless, the trial court ordered an assistant public defender to act as stand-by counsel and consult with the defendant. When the matter came before the court on September 3, 2014, the assistant public defender advised the court that the defendant still wished to proceed *pro se*, and the trial court allowed the public defender to withdraw as counsel for the defendant. On that same day, the trial court appointed Dr. Angeline Stanislaus, a psychiatrist, and Dr. Kimberly Weitl, a psychologist, to evaluate the defendant, as required by section 4 of the Act (*id.* § 4). Dr. Weitl's report setting forth the results of her examination of the defendant was filed with the trial court, as was Dr. Stanislaus's report and the addendum to that report.

¶ 3       The defendant waived his right to a jury trial, and the trial on the State's petition proceeded as a bench trial. The following evidence was adduced at that trial.

¶ 4       For its first witness, the State called Dr. Stanislaus. She testified that she is a licensed medical doctor in Illinois and Missouri, is board certified in general psychiatry and forensic psychiatry, and specializes in the diagnosis and treatment of mental and nervous disorders. She is licensed as an Illinois Sex Offender Evaluator by the Illinois Department of Professional Regulation. Dr. Stanislaus testified to her training and experience in evaluating sexually violent individuals. Over the defendant's objection, the trial court found Dr. Stanislaus to be an expert in the areas of forensic psychiatry, sex offender diagnosis, and sex offender evaluations, including diagnosis and risk assessment.

¶ 5       Dr. Stanislaus testified that she reviewed, among other information, the defendant's criminal history, police records surrounding his arrests for sex offenses, and Illinois Department of Correction's records. She acknowledged, however, that the defendant did not admit to any of the offenses he was accused of committing. Dr. Stanislaus testified that she met with, and interviewed, the defendant. In evaluating the defendant, she used the Diagnostic and Statistical Manuel of Mental Disorders, Fifth Edition. Dr. Stanislaus testified that she diagnosed the defendant with Frotteuristic Disorder, Voyeuristic Disorder, and Other Specified Personality Disorders with Anti-Social Personality Traits. According to Dr. Stanislaus, these disorders are congenital or acquired conditions that affect the defendant's emotional and volitional capacity and predispose him to engage in future acts of sexual violence. She opined that the defendant's mental disorders have existed for more than one year.

¶ 6        Dr. Stanislaus stated that she administered risk assessment tests to the defendant to determine the likelihood of his committing future sexually violent offenses. She explained that risk assessments look at both static and dynamic factors. Dr. Stanislaus testified that she used the Static-99 test in her evaluation of the defendant. The defendant scored a 6 on that test, which, according to Dr. Stanislaus, put him in the high-risk category, higher than 92% of sex offenders. Dr. Stanislaus testified that she also examined the defendant's dynamic risk factors that drive him to repeatedly commit sex offenses. She stated that the defendant had a deviant sexual interest in his pattern of voyeuristic and frotteuristic behavior. Dr. Stanislaus noted that the defendant had not participated in any sex offender treatment and did not possess any protective factors that would impede him from committing sex offenses. She opined, to a reasonable degree of psychiatric certainty, that the defendant met the requirements of the Act for a sexually dangerous person and that he would reoffend if he were not confined. Dr. Stanislaus testified that she based her opinion in that regard on the defendant's pattern of sexually offending over a number of years and in multiple states and on the results of the Static-99 test. On cross-examination, Dr. Stanislaus testified that the defendant did not admit to being sexually aroused in the presence of a naked person. She admitted to not having asked the defendant whether he had serious difficulty controlling himself.

¶ 7        Next, the State called Dr. Weitl as a witness. Dr. Weitl testified that she is a licensed psychologist in Illinois and Missouri, licensed in the diagnosis and treatment of mental disorders. She testified to her training and experience in evaluating sexually violent individuals. Over the defendant's objection, the trial court found Dr. Weitl to be an expert in the areas of sex offender evaluations, including diagnosis, risk assessment, and psychology.

¶ 8        Dr. Weitl testified that, in evaluating the defendant, she reviewed, among other information, his criminal history; police records surrounding his arrests in Illinois, Iowa, and Indiana; victim statements describing the defendant's behavior; and transcripts from the defendant's trials in Cook County. Dr. Weitl admitted, however, that the defendant denied that he had committed acts of sexual violence. She stated that she interviewed the defendant at the Statesville Correctional Center and found him to be uncooperative, defensive, and vague. Dr. Weitl testified that, in conducting her risk assessment of the defendant's likelihood to sexually reoffend, she made use of the Static-99 test. The defendant scored 8 on that test, a high-risk category that placed him in the 99th percentile to reoffend. She also used the Static 2002R test. On that test, the defendant scored 7, putting him in the 93rd percentile to reoffend. Dr. Weitl stated that, in diagnosing the defendant, she employed the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition. She testified that she diagnosed the defendant with both Other Specified Paraphilic Disorder, Non-Consent, and Voyeuristic Disorder—the "peeping Tom" disorder. Dr. Weitl opined that the defendant's mental disorders are congenital or acquired and affect his volitional capacity, predisposing him to commit future acts of sexual violence. She testified that the defendant's mental disorders have existed for more than one year. Dr. Weitl also opined that, to a reasonable degree of psychological certainty, the defendant met the requirements of the Act for a sexually dangerous person and that it is substantially probable he would commit another act of sexual violence.

¶ 9        Following Dr. Weitl's testimony, the State offered into evidence a certified copy of the defendant's June 16, 2014, convictions in case No. 12 CR 21663 for two counts of aggravated criminal sexual assault, and one count each of home invasion, residential burglary, and unlawful restraint. The defendant objected, stating: "I'm going to object to it because it's on

- 3 -

appeal." The trial court overruled the defendant's objection and admitted the certified copy of the convictions into evidence. The State then rested. The defendant rested without putting in any evidence, and the parties made their closing arguments. Following closing arguments, the trial court took the matter under advisement.

¶ 10    On October 20, 2015, the trial court issued its written order, finding that the defendant is a sexually dangerous person and that it is substantially probable that he would continue to commit sex offenses in the future if he were not confined. On that same day, the trial court entered judgment on its findings and remanded the defendant to the custody of the Director of the Illinois Department of Corrections as guardian.

¶ 11    The defendant filed a posttrial motion that was argued and denied on February 4, 2016. On that same date, the defendant filed a notice of appeal that was docketed in this court as No. 1-16-0496. On April 6, 2016, the defendant filed a motion for reconsideration in the trial court, which was also denied. On May 17, 2016, the defendant filed a second notice of appeal, which was docketed in this court as No. 1-16-2191.

¶ 12    On September 6, 2017, this court entered an order on motion of the defendant, staying appeal No. 1-16-0496, pending disposition of case No. 12 CR 21663 in the circuit court. On June 13, 2019, an order was entered consolidating appeal Nos. 1-16-0496 and 1-16-2191. On August 21, 2019, an order was entered on motion of the defendant, lifting the September 6, 2017, stay.

¶ 13    The defendant raises five issues in his *pro se* brief in these consolidated appeals. In the first two issues, the defendant essentially argues that he was not proven to be a sexually dangerous person beyond a reasonable doubt. He contends, *inter alia*, that the State failed to prove at least one act of, or attempt at, sexual assault or sexual molestation. He notes that his conviction of two counts of sexual assault in case No. 12 CR 21663, upon which the State relied, was subsequently reversed on appeal, and he argues, therefore, that the conviction cannot be used to establish a demonstrated propensity toward acts of sexual assault. To place these arguments in context, a brief recitation of the procedural history of case No. 12 CR 21663 is necessary.

¶ 14    In case No. 12 CR 21663, the defendant was charged with two counts of aggravated criminal sexual assault and one count each of home invasion, residential burglary, and unlawful restraint. The matter proceeded to a jury trial, following which the defendant was found guilty on all five counts. On June 16, 2014, the circuit court entered a judgment of conviction on the jury's verdict and subsequently sentenced the defendant to 29 years' incarceration. The defendant appealed his conviction. On June 23, 2017, this court reversed the conviction, finding that the trial judge improperly denied the defendant's timely motion for a substitution of judges, and remanded the matter back to the circuit court for a new trial. *People v. Baldwin*, 2017 IL App (1st) 142354-U.

¶ 15    In response to the defendant's reasonable doubt arguments in these appeals, the State argues that it established, beyond a reasonable doubt, each of the elements necessary to prove that the defendant is a sexually dangerous person.

¶ 16    In order to establish that a defendant is a sexually dangerous person within the meaning of the Act, the State is required to prove that he (1) suffers from a mental disorder that has existed for at least one year prior to the filing of the petition, (2) has criminal propensities to the commission of sex offenses, (3) has demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children, and (4) poses a substantial risk of sexually offending in the future if he is not confined. 725 ILCS 205/1.01 (West 2014). Section 3.01 of the Act

provides that all proceedings under that statute are civil in nature and that the Civil Practice Law (735 ILCS 5/2-101 *et seq.* (West 2014)) and the Illinois Supreme Court Rules adopted in relation to that statute shall apply to all proceedings under the Act, except as otherwise provided. 725 ILCS 205/3.01 (West 2014). Although proceedings under the Act are civil in nature, because such a proceeding may result in a deprivation of liberty, the standard of proof required is beyond a reasonable doubt. *Id.*

¶ 17    The standard of review on a challenge to the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found each of the essential elements beyond a reasonable doubt. *People v. Belknap*, 2014 IL 117094, ¶ 67. A reviewing court will not substitute its judgment for that of the trier of fact on questions involving the credibility of witnesses or the weight of the evidence. *People v. Brown*, 2013 IL 114196, ¶ 48.

¶ 18    Both Dr. Stanislaus and Dr. Weitl testified that, in their expert opinions, the defendant suffers from mental disorders, has criminal propensities to the commission of sex offenses, and poses a substantial risk of sexually offending in the future if not confined. Each doctor testified to the basis for her opinions, including police reports, victim statements, and other information relating the defendant's arrests for sex offenses in Illinois, Iowa, and Indiana. Both doctors testified that the information on which they relied in forming their opinions is the type of information reasonably relied on by experts in evaluating sex offenders.

¶ 19    We believe that the uncontradicted opinions of Drs. Stanislaus and Weitl satisfied the State's burden of proving, beyond a reasonable doubt, that (1) the defendant suffers from mental disorders that have existed for at least one year prior to the filing of the petition, (2) he has criminal propensities to the commission of sex offenses, and (3) he poses a substantial risk of sexually offending in the future if not confined. The issue is whether the State proved, beyond a reasonable doubt, that the defendant has demonstrated propensities toward acts of sexual assault or molestation.

¶ 20    In order to establish that a defendant has a demonstrated propensity toward acts of sexual assault or molestation, the State must prove at least one act of, or attempt at, sexual assault or molestation. *People v. Allen*, 107 Ill. 2d 91, 105 (1985), *aff'd*, 478 U.S. 364 (1986). Although a prior conviction is not required, the act of, or attempt at, sexual assault or molestation necessary to establish that the defendant has demonstrated propensities toward acts of sexual assault or molestation can be proven by introducing a certified copy of a prior conviction for a sex offense. *People v. Hancock*, 329 Ill. App. 3d 367, 380-81 (2002).

¶ 21    Here, the certified copy of the defendant's June 16, 2014, convictions of two counts of aggravated criminal sexual assault was the only substantive evidence introduced by the State to establish that he has demonstrated propensities toward acts of sexual assault or molestation. The defendant asserts that, when those convictions were reversed by this court on June 23, 2017, he was "no longer an S.P.D. [a sexually dangerous person]," and his adjudication as a sexually dangerous person must be vacated.

¶ 22    The State argues that its introduction of a certified copy of the defendant's June 16, 2014, convictions in case No. 12 CR 21663 of two counts of aggravated criminal sexual assault satisfied its burden to prove that the defendant has demonstrated propensities toward acts of sexual assault. Although the State acknowledges that the defendant's June 16, 2014, convictions were reversed by this court, it nonetheless maintains that it proved, beyond a reasonable doubt, that he has demonstrated propensities toward acts of sexual assault. The

State's argument in that regard appears to rest upon this court's finding in *People v. Baldwin* that

> "the totality of the evidence at the [defendant's] trial was sufficient for a rational trier of fact to find that the State proved beyond a reasonable doubt each of the essential elements of the charges against him for the offenses of aggravated criminal sexual assault (both counts), home invasion and residential burglary." *Baldwin*, 2017 IL App (1st) 142354-U, ¶ 23.

We believe, however, that the State's reliance upon that passage from this court's decision in *Baldwin* is misplaced.

¶ 23    The passage in *Baldwin* on which the State relies does not establish that the defendant committed the acts of which he was accused. It establishes only that the totality of the evidence introduced at his trial was sufficient for a rational trier of fact to find that the State proved beyond a reasonable doubt each of the essential elements of the charges against him. We made the finding to dispel any notion that the defendant's retrial would be barred by considerations of double jeopardy, not to resolve the question of his guilt. The State has made no argument addressing the effect that this court's subsequent reversal of the defendant's June 16, 2014, convictions has on the circuit court's orders finding the defendant to be a sexually dangerous person.

¶ 24    It is now clearly established that the conviction of a predicate offense that is facially unconstitutional "cannot be used for any purpose under any circumstances" and requires a reversal of the dependent action. *In re N.G.*, 2018 IL 121939, ¶¶ 36, 84, 86. The instant case, however, does not involve a reversal of the defendant's criminal convictions, based upon facial unconstitutionality. There is also authority for the proposition that a defendant's conviction of a predicate offense, although subsequently reversed on procedural grounds, may still be given recognition and effect in the prosecution of a dependent offense. See *Lewis v. United States*, 445 U.S. 55 (1980). It appears from our research, however, that the holding in *Lewis* has generally been applied in status cases—that is, in cases in which the mere fact of the defendant's undisturbed conviction of the predicate offense is an element of the offense charged in the dependent case. See *United States v. Padilla*, 387 F.3d 1087 (9th Cir. 2004); *United States v. Wallace*, 280 F.3d 781 (7th Cir. 2002); *United States v. Mayfield*, 810 F.2d 943 (10th Cir. 1987). However, in a proceeding under the Act, unlike status statutes, it is not the defendant's prior conviction of a sexual assault that must be proven to support a finding that he is a sexually dangerous person; rather, it is his commission of an act of, or attempt at, sexual assault or molestation that must be proven. A defendant's prior conviction of such an act is merely a means of proving that he committed the act.

¶ 25    Proceedings under the Act are civil in nature. 725 ILCS 205/3.01 (West 2014). In civil cases, "[t]he rule has been settled that where a judgment in one case has successfully been made the basis for the judgment in a second case, the second judgment will stand as *res judicata*, although the first judgment be subsequently reversed." *State Life Insurance Co. v. Board of Education of the City of Chicago*, 401 Ill. 252, 257 (1948); see also *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d 1, 17 (2009); *In re Estate of Barth*, 339 Ill. App. 3d 651, 668 (2003); *Illinois Founders Insurance Co. v. Guidish*, 248 Ill. App. 3d 116, 120-21 (1993). Application of the rule, however, can lead to conflicting judgments. *Kensington's Wine Auctioneers & Brokers, Inc.*, 392 Ill. App. 3d at 17; *In re Estate of Barth*, 339 Ill. App. 3d at 668. The only way to avoid the possibility of

conflicting judgments is to delay a decision in the second case until the appeal in the first case has been resolved. *Kensington's Wine Auctioneers & Brokers, Inc.*, 392 Ill. App. 3d at 17; *In re Estate of Barth*, 339 Ill. App. 3d at 668; *Illinois Founders Insurance Co.*, 248 Ill. App. 3d at 121.

¶ 26 During the hearing on May 4, 2015, a certified copy of the defendant's June 16, 2014, convictions was admitted into evidence over the defendant's objection, based upon the pendency of his appeal from those convictions. Those convictions, although the subject of a pending appeal, were nevertheless relied on by the trial court in making its written finding on October 20, 2015, that the State had proven, beyond a reasonable doubt, that the defendant is a sexually dangerous person. The subsequent reversal of those convictions by this court on June 23, 2017, gave rise to the anomalous circumstance that this court has warned against— namely, we now have a judgment in the instant case that is based, in part, on convictions that have been reversed.

¶ 27 Had the trial court either sustained the defendant's objection to the introduction into evidence of the certified copy of his June 16, 2014, convictions of two counts of aggravated criminal sexual assault or stayed the instant action until the defendant's appeal from those convictions was resolved, the State would have had the opportunity to prove that the defendant has demonstrated propensities toward acts of sexual assault through the testimony of the victims. We believe that the prudent course is to vacate the trial court's October 20, 2015, order and judgment, finding that the defendant is a sexually dangerous person and remanding him to the custody of the Director of the Illinois Department of Corrections as guardian, and to remand the matter to the circuit court for a new trial on the State's petition to declare the defendant a sexually dangerous person. Although we are mindful of the fact that, on remand from this court, the defendant was again found guilty of two counts of aggravated criminal sexual assault, home invasion, and residential burglary in case No. 12 CR 21663, that subsequent conviction provides no basis for affirming the judgment at issue in this appeal.

¶ 28 The defendant raises several other issues that we will also address. He asserts that his rights under the thirteenth amendment to the United States Constitution have been violated by his commitment and incarceration as a sexually dangerous person, pursuant to the circuit court's judgment in the instant case. The State argues that the defendant's confinement pursuant to the judgment in this case does not implicate the prohibition against involuntary servitude. We agree with the State.

¶ 29 The judgment of a court having jurisdiction over the parties and the subject matter, even though erroneous, is valid and enforceable until reversed on appeal. *Malone v. Cosentino*, 99 Ill. 2d 29, 32 (1983). No judgment is deemed vacated until a reviewing court so declares. *In re N.G.*, 2018 IL 121939, ¶ 52; *People v. McFadden*, 2016 IL 117424, ¶ 31. When, as in this case, a person is confined pursuant to a presumptively valid judgment issued by a court of competent jurisdiction, the thirteenth amendment's prohibition against involuntary servitude is not violated even in circumstances where the commitment order was subsequently reversed. See *Omasta v. Wainwright*, 696 F.2d 1304 (11th Cir. 1983).

¶ 30 The defendant also argues that we should reverse (1) the denial of his Application for Discharge filed on April 4, 2018, and (2) his 2019 convictions of two counts of aggravated criminal sexual assault, home invasion, and residential burglary. The State argues that this court has no jurisdiction to review either matter in the context of these consolidated appeals. Again, we agree with the State.

¶ 31 In these consolidated appeals, the defendant filed notices of appeal from orders of the circuit court (1) finding him to be asexually dangerous person and remanding him to the custody of the Director of the Illinois Department of Corrections as guardian, (2) denying his motion for a new trial, and (3) denying his motion for reconsideration. Our jurisdiction is limited to the judgment or orders specified in the defendant's notices of appeal and orders in the procedural progression leading to the judgment or orders appealed from. *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 434-35 (1979). This court's jurisdiction in the instant matter is confined to the judgment and orders specified in the defendant's notices of appeal. We have no jurisdiction to review orders and judgments entered in a hearing and trial that occurred years later.

¶ 32 In summary, we (1) vacate the circuit court's orders and judgment entered on October 20, 2015, finding the defendant to be a sexually dangerous person and remanding him to the custody of the Director of the Illinois Department of Corrections as guardian; (2) remand this matter to the circuit court for a new trial on the State's petition to declare the defendant a sexually dangerous person; (3) reject the defendant's claim of a thirteenth amendment violation; and (4) decline to address, for want of jurisdiction, the issues raised by the defendant based upon the denial of his Application for Discharge filed on April 4, 2018, and his June 29, 2019, convictions in case No. 12 CR 21663 of two counts of aggravated criminal sexual assault, home invasion, and residential burglary.

¶ 33 Vacated and remanded.