2021 IL App (1st) 210018-U

No. 1-21-0018

Order filed October 15, 2021

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ROSELLA ELLIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 L 890 |
| | ) | |
| EXTRA SPACE STORAGE, | ) | Honorable |
| | ) | Diane M. Shelley, |
| Defendant-Appellee. | ) | Judge, presiding. |
| | ) | |

JUSTICE CONNORS delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Appeal dismissed for lack of jurisdiction, where plaintiff does not appeal from a final and appealable order.

¶ 2    Plaintiff Rosella Ellis *pro se* appeals from the circuit court's January 5, 2021, order, stating that her case against defendant Extra Space Storage (Extra Space) remained disposed and dismissed pursuant to the court's February 5, 2020 order, which administratively dismissed her complaint for want of prosecution. On appeal, plaintiff argues that the circuit court was not fair

and impartial in denying her request for a court fee waiver pursuant to Illinois Supreme Court Rule 298 (eff. July 1, 2019), that the court dismissed her case with a "false statement" that she did not receive a court fee waiver, and that the court was not fair and impartial when it failed to grant her a "favorable decision." We dismiss the appeal for lack of jurisdiction.

¶ 3    On January 22, 2020, plaintiff filed a *pro se* complaint against Extra Space alleging that Extra Space "prepared and issued lease/contract for storage" of her "belongings." Plaintiff claimed that Extra Space breached the "lease/contract" when it "[u]sed [her] credit card to take money without [her] permission/authorization," and "[f]orged [her] signature and/or initials throughout the lease/contract."

¶ 4    On the same date, plaintiff filed a *pro se* application for waiver of court fees, stating she believed she could not afford her court fees. Also on that date, the circuit court entered an order denying plaintiff's application for a fee waiver on the basis that "applicant fails to state a claim for breach of contract."

¶ 5    On February 5, 2020, the circuit court entered an order administratively dismissing plaintiff's complaint for want of prosecution (DWP), stating she presented a petition for fee waiver and was given 14 days to pay all necessary court fees, but failed to appear. The court's order further stated, "This matter shall *not* constitute a 'filing' of an action against the Defendant(s), for purposes of the Plaintiff exercising the right to refile an action, following a voluntary dismissal or DWP of any original action, pursuant to 735 ILCS 5/2-1009 and 735 ILCS 5/13-217." (Emphasis in original.) Additionally, the order provided, "Nothing in this order limits the authority of the court to *substantively* dismiss any proposed action on the basis that said cause of action is frivolous, vexatious and/or well-grounded in fact or in law." (Emphasis in original.)

¶ 6 The record does not reflect that plaintiff ever moved to vacate or reconsider the DWP, or that she refiled her cause of action. Rather, the record shows that on March 3, 2020, plaintiff filed a summons addressed to Extra Space. On March 19, 2020, plaintiff filed a *pro se* motion for default judgment against Extra Space, claiming Extra Space failed to appear or answer her complaint. On April 15, 2020, Extra Space filed an appearance. The case was placed on the calendar call, with a court date set for July 17, 2020, however the record does not contain a transcript of any proceedings on that date.

¶ 7 On August 31, 2020, plaintiff filed another *pro se* motion for default judgment against Extra Space, alleging Extra Space failed to file an appearance or answer her complaint. That same date, plaintiff also filed a motion for "change of trial date," demanding a "speedy and fair trial," as well as a motion for a "case number correction."

¶ 8 On January 5, 2021, the circuit court entered an order stating that the case came before the court "by virtue of an electronic docket entry setting the matter for a date, notwithstanding its administrative dismissal on February 5, 2020," with plaintiff "not appearing until after the court had heard the matter." The order stated that the case "remains disposed and dismissed pursuant to the aforementioned February 5, 2020 order," and the case "remains stricken from this court's call as previously disposed." On January 11, 2021, plaintiff filed a notice of appeal, listing the court's January 5, 2021, order as the order appealed.

¶ 9    On appeal, plaintiff argues that she was entitled to a waiver of her court fees, that the circuit court dismissed her case "with a false statement" that she had not been granted a fee waiver, and that the court was not fair and impartial when it failed to grant her a "favorable decision."[1]

¶ 10    As a preliminary matter, we note plaintiff's *pro se* brief fails to comply with many of the requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which governs the content of appellate briefs. For example, her handwritten brief contains no "Points and Authorities" statement outlining the points argued and authorities cited in the Argument section of the brief. See Ill. S. Ct. R. 341(h)(1) (eff. Oct. 1, 2020). While plaintiff provides an outline of issues to be addressed, the appellate brief contains no argument further addressing these issues supported by citations to the record or legal authority. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). We may strike a brief and dismiss the appeal for failure to comply with the rules. *Nolan v. Hearthside Homebuilders, Inc.*, 2020 IL App (1st) 182492, ¶ 81. Regardless of such deficiencies, we elect not to dismiss plaintiff's appeal on the basis of her failure to comply with Rule 341 because we have the benefit of a cogent brief from Extra Space. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001) (the reviewing court has the choice to review the merits of the appeal, even in light of multiple Rule 341 deficiencies).

¶ 11    That said, Extra Space argues that this court has no jurisdiction to consider plaintiff's appeal, as plaintiff appealed from the circuit court's January 5, 2021, order, which was not a final appealable order because it did not grant or deny any relief. We agree.

---

[1] The majority of the documents included in the appendix to plaintiff's brief are not included in the record on appeal. We therefore cannot consider them. See *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Company*, 2017 IL App (1st) 162808, ¶ 44. Further, these new documents concern a different action plaintiff filed against Extra Space Storage, case no. "20201102005," in which she was granted a fee waiver.

¶ 12    Jurisdiction is a threshold issue which may be raised at any time and this court has an independent duty to consider its jurisdiction and dismiss an appeal where jurisdiction is lacking. *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36. Absent a supreme court rule providing otherwise, our jurisdiction is limited to appeals from final judgments. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 22. A final judgment "decides the controversies between the parties on the merits and fixes their rights, so that, if the judgment is affirmed, nothing remains for the trial court to do but to proceed with its execution." (Internal quotation marks omitted.) *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 525 (2001). The appellant bears the burden of establishing jurisdiction. *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36.

¶ 13    Here, the circuit court dismissed plaintiff's case, no. 20 L 890, for want of prosecution on February 5, 2020, and the record does not reflect that plaintiff took action to reinstate the cause of action, or to reconsider or vacate the dismissal. See 735 ILCS 5/13-217 (West 2020)) (where an action is dismissed for want of prosecution, the plaintiff "may commence a new action within one year or within the remaining period of limitation, whichever is greater"). Rather, she attempted to issue a summons addressed to Extra Space and collect a default judgment, even though the case had been dismissed. On January 5, 2021, the circuit court entered an order noting that plaintiff's case remained dismissed pursuant to the order entered February 5, 2020.

¶ 14    Plaintiff's notice of appeal reflects that she is appealing from the January 5, 2021, order. See *People v. Baldwin*, 2020 IL App (1st) 160496, ¶ 31 ("Our jurisdiction is limited to the judgment or orders specified in the respondent's notices of appeal and orders in the procedural progression leading to the judgment or orders appealed from."). However, that order was not a final order, as it did not fix the rights of the parties or determine any portion of the litigation of the

merits. See *Steinbrecher*, 197 Ill. 2d at 525. Rather, it simply observed that the prior order that actually dismissed the case about 11 months prior remained in effect. Because plaintiff does not appeal from a final order, this court lacks jurisdiction to consider the merits of the appeal. *Blumenthal*, 2016 IL 118781, ¶ 22.

¶ 15    For the reasons cited above, we dismiss the appeal for lack of jurisdiction.

¶ 16    Appeal Dismissed.