2024 IL App (1st) 221419-U

FOURTH DIVISION
Order filed: March 21, 2024

No. 1-22-1419

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 21663 |
| | ) | |
| DERRICK ANTHONY BALDWIN, | ) | Honorable |
| | ) | Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Martin and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Issue raised in the defendant's petition for relief from judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)) was barred by *res judicata* when the same issue had been decided in a previous appeal.

¶ 2    The defendant, Derrick Anthony Baldwin, acting *pro se,* appeals the dismissal of his petition for relief from judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). In the petition, the defendant argued that his convictions for aggravated criminal sexual assault, home invasion, and residential burglary were unlawful because

those charges had already been used as evidence of dangerousness in a separate proceeding in which the State sought to have him declared a sexually dangerous person under section 3 of the Sexually Dangerous Persons Act (SDPA) (725 ILCS 205/3 (West 2012)). Because this court has previously decided this issue in a prior appeal from the defendant's convictions, it is barred by the doctrine of *res judicata*. We, therefore, affirm the dismissal of the defendant's petition.

¶ 3    The factual and procedural history of this case has been recited in detail in the defendant's prior appeals (see *People v. Baldwin*, 2020 IL App (1st) 160496 (*Baldwin I*), *People v. Baldwin*, 2021 IL App (1st) 190363-U (unpublished order under Supreme Court Rule 23) (*Baldwin II*)) and need not be repeated in full here. Relevant to this appeal, in 2012, in case no. 12 CR 21663, the defendant was charged with, among others, two counts of aggravated criminal sexual assault and one count each of home invasion and residential burglary based on allegations that he entered a woman's home while she was sleeping and sexually assaulted her. *Baldwin II*, 2021 IL App (1st) 190363-U, ¶ 3. Following a jury trial in 2014, the defendant was convicted on all charges and sentenced to twenty-nine years in prison. The defendant appealed. *Id.*

¶ 4    While his appeal from that case was pending, the defendant was facing similar charges of home invasion, residential burglary, aggravated criminal sexual abuse, and unauthorized video recording in a separate case, case no. 13 CR 2690. *Id.* ¶ 4. In that proceeding, the State opted to file a petition pursuant section 3 of the SDPA seeking to have the defendant declared a sexually dangerous person based on his alleged conduct in that case. At the trial on the petition, the State presented expert testimony regarding the defendant's mental disorders, his propensity to commit sexual offenses, and the risk of him committing sexual offenses in the future. *Id.* The State also

introduced a certified copy of the defendant's conviction in case no. 12 CR 21663. The court found the defendant to be a sexually dangerous person, and the defendant appealed. *Id.*

¶ 5    Meanwhile, in the earlier appeal from case no. 12 CR 21663, the State confessed error in the denial of the defendant's motion for a substitution of judge, and this court reversed the defendant's convictions on that basis. *Id.* ¶ 5. In light of that reversal of the convictions in case no. 12 CR 21663, the SDPA adjudication was ultimately vacated in the defendant's separate appeal from case no. 13 CR 2690 because the now-reversed convictions from case no. 12 CR 21663 had been admitted as evidence of dangerousness in the SDPA proceeding. See *Baldwin I*, 2020 IL App (1st) 160496, ¶ 27.

¶ 6    On retrial in case no. 12 CR 21663, the defendant was again convicted on all charges. *Baldwin II*, 2021 IL App (1st) 190363-U, ¶ 17. He then filed a post-trial motion to dismiss the case on the grounds that "the State could not pursue criminal charges against him because he had been found sexually dangerous under the SDPA." *Id.* In response, the State acknowledged that a defendant cannot be convicted of an offense and found to be sexually dangerous based on the same offense, but it argued that the offenses at issue in case no. 12 CR 21663 were not the underlying offenses for the SDPA proceeding in case no. 13 CR 2690. *Id.* The circuit court agreed with the State and denied the defendant's motion. *Id.* The defendant raised a similar argument in a separate post-trial motion for new trial, and that motion was likewise denied. *Id.* ¶ 18.

¶ 7    Following the convictions on retrial, the defendant was again sentenced to twenty-nine years in prison, plus an additional six-month sentence for contempt of court. *Id.* ¶ 19. The defendant appealed.

¶ 8    In that appeal, the defendant argued, among other things, that "his convictions and sentence should be vacated because criminally prosecuting him after he had already been adjudicated a sexually dangerous person in case no. 13 CR 2690 violated the purpose of the SDPA." *Id.* ¶ 21. This court rejected the defendant's argument and affirmed his convictions, specifically finding that "the defendant's criminal convictions were not based on the same underlying charges that formed the basis of his civil commitment under the SDPA, and therefore, his prosecution does not run afoul of section 9 of the SDPA." *Id.* ¶ 28.

¶ 9    In 2022, the defendant filed a petition for relief from judgment under section 2-1401 of the Code, which is the subject of the present appeal. In the petition, the defendant sought to have his convictions in case no. 12 CR 21663 vacated on the grounds that, under *People v. Galba*, 273 Ill. App. 3d 95 (1995), "a defendant cannot be committed as a Sexually Dangerous Person and simultaneously criminally punished for the same underlying acts giving rise to the finding of dangerousness." According to the defendant, because the SDPA adjudication in case no. 13 CR 2690 was vacated following the reversal of the convictions in case no. 12 CR 21663, it is clear that the charges in case no. 12 CR 21663 were in fact the underlying charges for the SDPA proceeding, in violation of *Galba*. The State moved to dismiss the petition on the basis that the finding that the defendant was a sexually dangerous person had been vacated, effectively mooting the defendant's argument. Following a hearing on the State's motion, the circuit court granted the motion and dismissed the petition. This appeal follows.

¶ 10    On appeal, the State asserts that the doctrine of *res judicata* bars the defendant's argument that his convictions in case no. 12 CR 21663 were barred by the SDPA adjudication in case no. 13 CR 2690. See, *e.g.*, *In re B.G.*, 407 Ill. App. 3d 682, 687 (2011) (holding that substantive arguments

raised in a section 2-1401 petition were barred by *res judicata* when they had been decided earlier in the same proceeding). The State contends that the argument that the defendant raises in this section 2-1401 petition is identical to the argument that this court addressed on appeal of his convictions following retrial in case no. 12 CR 21663 (*Baldwin II*). In his reply brief, the defendant argues that in *Baldwin II* it was the State, and not him, that brought up the *Galba* issue that is at issue in the section 2-1401 petition and that his argument in that appeal was that he could not be prosecuted in case no. 12 CR 21663 after having been found to have a mental illness.

¶ 11    We are unpersuaded by the defendant's arguments and agree with the State that the issue presented in the defendant's section 2-1401 petition, namely that he was illegally convicted of the same charges that allegedly served as the basis for the SDPA adjudication, has already been finally decided in this case and is, therefore, *res judicata*. "Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions." *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008) (citing *Downing v. Chicago Transit Authority*, 162 Ill. 2d 70, 73–74 (1994)). All three elements are present here. The parties are identical, and the final judgment affirming the defendant's convictions following retrial in case no. 12 CR 21663 addressed and disposed of the exact same issue that the defendant raises in this section 2-1401 petition. Indeed, in that prior order this court expressly stated that "the defendant's criminal convictions were not based on the same underlying charges that formed the basis of his civil commitment under the SDPA, and therefore, his prosecution does not run afoul of section 9 of the SDPA." *Baldwin*, 2021 IL App (1st) 190363-U, ¶ 28. We further explained:

"Simply put, in October 2012, the defendant committed multiple criminal acts on two separate nights and against two separate victims and was charged under two separate indictments. The SDPA mandates that, for each indictment, the State must elect whether to prosecute the defendant in a criminal proceeding or file a petition under the SDPA. In the instant case, the State elected to prosecute the defendant criminally, and in case no. 13 CR 2690, it elected to file a petition under the SDPA. In both instances, the State comported with the provisions of the SDPA." *Id.*

¶ 12    Thus, it has been established that the two matters are distinct and that the charges in case no. 12 CR 21663 did not form the basis for the defendant's SDPA adjudication, even though the convictions from case no. 12 CR 21663 were admitted as evidence in the SDPA proceeding. The issue has been settled, and the defendant's section 2-1401 petition raising this issue is barred by *res judicata*. Accordingly, we affirm the dismissal of the defendant's petition.

¶ 13    Affirmed.