2024 IL App (1st) 230016-U
No. 1-23-0016

FIRST DIVISION
October 28, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| JOSE C. BALMADRID, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois, |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| | ) | No. 20 L 012128 |
| v. | ) | Consolidated with 20 L 012674 |
| | ) | |
| NAWAL GUPTA and SATYA GUTPA, | ) | |
| | ) | |
| Defendants-Appellees. | ) | The Honorable |
| | ) | Thomas More Donnelly, |
| | ) | Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's order granting defendants' motion for a directed finding and dismissing plaintiff's action, as well as the subsequent order denying plaintiff's corresponding motion to reconsider. We also deny plaintiff's motion for summary judgment that was filed in this court and taken with the case.

¶ 2    Plaintiff-appellant Jose C. Balmadrid (plaintiff) appeals after the circuit court granted defendants Nawal Gupta and Satya Gupta's motion for a directed finding and then denied plaintiff's corresponding motion to reconsider. For the following reasons, we affirm the circuit

court. We also deny plaintiff's "Motion for Summary Judgment on Breach of Contract," filed in this court while this appeal was pending.

¶ 3                                    BACKGROUND

¶ 4     The record reflects that this appeal stems from the same factual basis as a prior lawsuit commenced by plaintiff in 2015 (case no. 15 L 5084) that led to a prior Rule 23 order of this court, *Balmadrid v. Gupta*, 2018 IL App (1st) 171183-U. We review that 2018 Rule 23 order, especially as plaintiff relied on it heavily in his subsequent circuit court filings and his submissions to this court in the instant appeal.

¶ 5     The complaint that commenced the prior lawsuit is not in the record in this appeal, but its allegations are summarized in the 2018 Rule 23 order. In essence, plaintiff sued Satya Gupta (Satya) and her daughter, Nawal Gupta (Nawal), alleging he was deprived of his rightful interests in two real estate properties.

¶ 6     Specifically, plaintiff alleged that in 2009, Satya and her late husband, Om Gupta, offered plaintiff the opportunity "to join a 'real estate investment venture' for the purpose of purchasing various properties." *Balmadrid*, 2018 IL App (1st) 171183-U, ¶ 5. At the time, plaintiff operated a real estate brokerage business out of a multi-unit residential building at 2454-60 West Peterson Avenue in Chicago (the "Peterson property"), where plaintiff also resided with his family. In October 2009, plaintiff orally proposed that Om and Satya acquire the Peterson property, and they allegedly agreed. *Id*. ¶ 6.

¶ 7     Broadway Bank foreclosed on the Peterson property in November 2009, and a judicial sale was scheduled. *Id*. In December 2009, Om allegedly sent plaintiff a proposal to form a limited liability company (LLC) and requested that plaintiff prepare an "LLC Partnership Agreement,"

but there is no evidence that an LLC was actually created or that any partnership agreement was signed. *Id.*

¶ 8     Om purchased the Peterson property at the judicial sale in December 2009. *Id.* ¶ 7. According to plaintiff, Om and Satya orally agreed that plaintiff would manage and maintain co-ownership of the property, and that plaintiff would receive a management fee based on rental income from the property. *Id.* In addition, Om and Satya allegedly orally agreed with plaintiff to conduct a year-end accounting and to distribute net proceeds equally among the partners involved in the LLC partnership. *Id.*

¶ 9     Plaintiff further alleged that, "acting pursuant to his duties under the LLC Partnership Agreement," he assisted in the purchase of a second property at 8156 South Kingston Avenue (the "Kingston property"). *Id.* ¶ 8. Om allegedly purchased that property in the name of his daughter, Nawal. *Id.*

¶ 10     Plaintiff asserted that in November 2010, Om filed an eviction complaint in the circuit court to evict plaintiff from the Peterson property. *Id.* ¶ 9. Nawal allegedly posted letters at the property informing tenants of a change in management. *Id.* Plaintiff alleged that he was forced to resign as property manager, and that defendants never provided the promised year-end accounting. *Id.* Plaintiff alleged that Om, Satya, and Nawal's actions "constituted a breach of contract and fiduciary duty" owed to plaintiff as a "partner to the LLC." *Id.* As a result, he lost his business office and family residence in the Peterson building, as well as his share of ownership and rental income from the Peterson and Kingston properties. *Id.*

¶ 11    In the prior action, the circuit court granted defendants' motion to dismiss and then denied plaintiff's motion to reconsider. *Id*. ¶ 11. Plaintiff appealed, arguing that he had stated a cause of action for breach of contract against both Nawal and Satya.[1]

¶ 12    This court found that plaintiff failed to allege sufficient facts to support a breach of contract claim against Nawal. *Id*. ¶ 19. However, we concluded that plaintiff alleged enough to maintain a claim against Satya: "Taking all of plaintiff's factual allegations as true and drawing all reasonable inferences in his favor, plaintiff's complaint, although at times inartfully drafted, alleged the existence of an oral March 2009 partnership agreement between himself, Om, and Satya to engage in a real estate investment venture." *Id*. ¶ 20. That is, plaintiff's complaint "sufficiently alleged the existence of an oral partnership agreement with Satya, Satya's breach of the agreement, and that plaintiff suffered damages in the form of his lost share of the net proceeds as a result." *Id*. Accordingly, we reversed the circuit court's judgment insofar as it dismissed the breach of contract claim against Satya, and we remanded for further proceedings. *Id*. ¶ 21.

¶ 13    The record in this appeal does not reveal what proceedings, if any, occurred on remand under the original case number, no. 15 L 5084. Rather, it appears that plaintiff proceeded by filing new complaints that were assigned new case numbers.[2]

¶ 14                                   Plaintiff's 2019 Lawsuit

¶ 15    The record reflects that in 2019, plaintiff initiated a new lawsuit (no. 19 L 1763) against Satya. The record in this appeal does not contain a corresponding complaint. However, the record contains an August 2019 order in that case, in which the circuit court (Hon. Diane M. Shelley)

---

[1]       As plaintiff did not argue on appeal that he asserted a valid claim for breach of fiduciary duty, our Rule 23 order found that he forfeited any challenge to dismissal of that claim. *Id*. ¶ 16.

[2] According to one of defendants' filings in the circuit court, "After winning his appeal, Plaintiff did not wait for the Appellate Court's remand" but "filed a new complaint in 2019 that was renumbered to a 2020 case, and then filed a third case in 2020 that was consolidated."

denied Satya's motion to dismiss the complaint. The order reflects that Satya sought dismissal on the ground that plaintiff failed to state a cause of action for oral breach of contract. The circuit court denied that motion after citing our 2018 Rule 23 order and concluding that: "Given the ruling of the appellate court, it is the law of the case that plaintiff has stated a cause of action for breach of an oral contract." In the same order, the circuit court advised plaintiff of resources available for free or low-cost legal assistance.

¶ 16    The record reflects that the 2019 case (no. 19 L 1763) was "placed on the bankruptcy stay calendar" from February 2020 until November 2020. On November 13, 2020, the lawsuit was "administratively renumbered from 2019-L-001763 to 2020-L-012128."

¶ 17                    Plaintiff's November 2020 Complaint

¶ 18    On November 25, 2020, plaintiff filed another *pro se* complaint naming Satya and Nawal as defendants; that case was initially assigned number 2020-L-012674, but it was later consolidated with case number 2020-L-012128.[3] The November 2020 complaint pleaded that it "stems from an earlier case," no. 15 L 5084, *i.e.*, the same case that led to this court's 2018 Rule 23 order.

¶ 19    Although titled as a "Complaint for Fraud, Miscellaneous Special Fraud, Conspiracy to Commit Fraud, Trespass and Forgery," the November 2020 complaint did not set forth multiple counts but generally alleged that Satya and Nawal "committed acts of fraud" related to the two properties. He alleged the properties "were illegally acquired by spouses Om (since then deceased) and Satya and then illegally transferred ownership to Nawal Gupta who further transferred it under

---

[3] In January 2021, the circuit court entered an ordered that consolidated case no. 2020-L-012674 into case 2020-L-12128. In a December 2021 order, the circuit court noted the "confusion" as to the correct case number and stated: "To ensure the record is clear and correct *** , this matter will proceed under the renamed Case No. 20-L-12128."

other names to perpetuate the cause of fraud." As a result, plaintiff claimed, he lost 50% ownership of the Kingston property and 100% ownership of the Peterson property.

¶ 20    Defendants moved to strike or dismiss the November 2020 complaint. Plaintiff filed a response, and defendants filed a reply. In a December 2021 order, the circuit court dismissed the November 2020 complaint, without prejudice, for failure to state a cause of action. In its written order, the court advised plaintiff of resources available for *pro se* litigants and encouraged him to use them before amending his complaint.

¶ 21    Plaintiff filed an amended complaint in January 2022, which set forth two causes of action. Plaintiff was permitted to file a second amended complaint in February 2022. The second amended complaint named as defendants Satya, Nawal, and a new defendant, Meenakshi Gupta (Meenakshi), Nawal's spouse. In that pleading, plaintiff added allegations that in December 2018, Om and Satya fraudulently transferred ownership of the Peterson property to Nawal and Meenakshi. The second amended complaint asserted five causes of action: (1) "Financial Exploitation of an Elderly Person" (720 ILCS 5/17-56 (West 2022); (2) violation of the Consumer Fraud Act; (3) breach of fiduciary duty; (4) "forgery" of plaintiff's signature in a real estate transaction, and (5) "trespass" for allegedly entering plaintiff's office at the Peterson property and installing surveillance cameras.

¶ 22    In early March 2022, plaintiff filed a "motion for summary judgment" in which he asserted that, given this court's 2018 Rule 23 order and the August 2019 circuit court order denying Satya's motion to dismiss, he was entitled to judgment as a matter of law.

¶ 23    On March 31, 2022, defendants (Nawal and Satya) filed a combined motion to strike and dismiss the second amended complaint. In it, they noted that Meenakshi had never previously been named and had not been served, so that she was not party to the case.

¶ 24     On April 8, 2022, the trial court granted the motion to strike the second amended complaint but allowed plaintiff to file an amended complaint. In late April 2022, plaintiff filed a "Second Amended Motion for Summary Judgment." In it, he again averred that based on this court's 2018 Rule 23 order and the August 2019 circuit court order, he was entitled to judgment in his favor.

¶ 25     On June 7, 2022, the court ordered that the pleading "titled 'Plaintiff's Second Amended Motion for Summary Judgment' will be deemed an amended complaint."

¶ 26     On July 14, 2022, the court entered an order stating that "Plaintiff's Motion for Summary Judgment is denied." In the same order, the court indicated that plaintiff had withdrawn his jury demand and that trial would be "before the Bench."

¶ 27                    Directed Finding for Defendants

¶ 28     The record reflects that the bench trial commenced on September 16, 2022, although the record on appeal contains no transcript or other report of proceedings. The record indicates that defendants moved for a directed finding at the close of plaintiff's case. See 735 ILCS 5/2-1110 (West 2022). On September 16, 2022, the trial court entered a written order stating its finding "that Plaintiff's evidence is insufficient to make a *prima facie* case for either breach of contract or fraud." The order specified that "Defendants' motion for directed finding is granted and this matter is dismissed."

¶ 29                      Motion to Reconsider

¶ 30     On or about October 11, 2022, plaintiff filed a "motion to vacate and reconsider" the September 16, 2022 order. In it, he claimed that by granting a directed finding at the bench trial, the trial court had engaged in an "unlawful review and reversal" of this court's 2018 Rule 23 order and that it improperly "reversed" the circuit court's August 2019 order. He averred that the directed finding was void because the circuit court had "no jurisdiction" to "review an issue that was already

settled by the appellate court." In the same motion, plaintiff also asked that the court "grant plaintiff's motion to add counts of fraud," including against Meenakshi.

¶ 31    On December 8, 2022, the court entered a written order denying plaintiff's motion to reconsider. There is no transcript or report of proceedings of any hearing on the motion to reconsider.

¶ 32    Plaintiff filed a timely notice of appeal, which specified that he sought reversal of the circuit court's December 8, 2022 order denying his motion to reconsider the September 16, 2022 order.

¶ 33                    Plaintiff's Filings in This Court

¶ 34    Plaintiff (who remains *pro se*) initially filed his opening brief in this court in August 2023. Defendants did not respond, and this court entered an order stating that we would decide the case on appellant's brief only.

¶ 35    On December 4, 2023, plaintiff filed in this court a "Motion for Summary Judgment on Breach of Contract." This court took that motion with the case.

¶ 36    Separately, on December 29, 2023, plaintiff filed a "Motion for Leave to File Memo in Support of Plaintiff's Motion to Add Defendants and/or [in] the Alternative to Issue Summary Judgments for Counts of Fraud, Forgery, and Trespass." We denied that motion in a January 2024 order, noting that "our review on appeal is limited to the order, and underlying order, identified in Plaintiff's Notice of Appeal." We thus advised plaintiff that we lacked "jurisdiction to add defendants or causes of action to his complaint." Nonetheless, this court allowed plaintiff additional time to file an amended brief. Plaintiff filed his amended brief on May 6, 2024.

¶ 37                            ANALYSIS

¶ 38    On appeal, plaintiff challenges the circuit court's order granting defendants a directed finding by asserting it was precluded by (1) this court's 2018 Rule 23 order reversing dismissal of

his breach of contract claim, *Balmadrid*, 2018 IL App (1st) 171183-U; and (2) the August 2019 circuit order denying Satya's motion to dismiss in case no. 19 L 1763.[4] He asserts a number of arguments premised on his belief that those prior orders (which held that he had sufficiently *alleged* a breach of contract) established that he was entitled to judgment on the merits of that claim. In turn, he suggests that the circuit court could not subsequently find in favor of defendants. He thus claims that the order granting a directed finding was "void," violated the "law of remand" and this court's mandate from the 2018 Rule 23 order. Similarly, he claims that the entry of judgment in defendants' favor violated the principles of legal precedent and *stare decisis*, as well as his due process rights under the United States Constitution.

¶ 39    Separately, plaintiff contends that he was entitled to add a new defendant (Meenkashi) and new allegations of fraud, based on facts he allegedly learned during discovery.

¶ 40    For the following reasons, we reject plaintiff's challenges, deny his motion taken with the case, and affirm the circuit court.

¶ 41                    Standard of Review After a Directed Finding

¶ 42    We keep in mind the procedural posture of the appealed-from orders. The record reflects that the trial court entered a directed finding upon defendants' motion, after plaintiff presented his case at a bench trial. Under section 2-1110 of the Code of Civil Procedure, at a bench trial, "defendant may, at the close of plaintiff's case, move for a finding or judgment in his or her favor. In ruling on the motion, the court shall weigh the evidence considering the credibility of the witnesses and the weight and quality of the evidence." 735 ILCS 5/2-1100 (West 2022). If the trial court rules in favor of the defense, "a judgment dismissing the action shall be entered." *Id*.

---

[4] Plaintiff's brief makes no independent argument directed to the denial of the motion to reconsider, following the order granting defendants a directed finding.

¶ 43   The trial court "must apply a two-part analysis" in ruling on a section 2-1110 motion. *Minch v. George*, 395 Ill. App. 3d 390, 398 (2009). "First, the trial court must determine as a matter of law whether the plaintiff has presented a *prima facie* case. [Citation.] That is, did the plaintiff present some evidence on each of the elements of her case?" *Id*. Second, if the plaintiff has presented a *prima facie* case, the court "must consider and weigh all the evidence offered by plaintiff *** to determine whether the *prima facie* case survives." *Id*.

¶ 44   "If the trial court finds that the plaintiff has failed to present a *prima facie* case as a matter of law, the appellate standard of review is *de novo*. [Citation.] If the trial court moves on to consider the weight and quality of the evidence *** the appellate standard of review is the deferential 'manifest weight of the evidence' standard." *Id*.

¶ 45   Here, the trial court's September 2022 written order stated its finding "that Plaintiff's evidence is insufficient to make a *prima facie* case for either breach of contract or fraud." Thus, *de novo* review applies to that conclusion. However, as discussed below, we have no basis to find any error in the trial court's conclusion that plaintiff failed to present a *prima facie* case.

¶ 46              The Record Is Insufficient to Reverse the Directed Finding

¶ 47   As there is no transcript or report of proceedings from the bench trial, there is no basis to find the trial court erred in concluding that plaintiff did not present a *prima facie* case. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "When there is a gap in the record that could have a material impact on the outcome of the case, the reviewing court will presume that the missing evidence supported the judgment of the trial court and resolve any doubts against the

appellant. [Citations.]" *Midwest Builder Distributing Inc., v. Lord and Essex, Inc.*, 383 Ill. App. 3d 645, 655 (2007). *Id.*

¶ 48    In this case, the record on appeal is insufficient for this court to assess what evidence or argument plaintiff presented at the September 2022 bench trial. Accordingly, we must presume that the order granting the directed finding "was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 391-92.

¶ 49                    Plaintiff's Reliance on Prior Orders Is Erroneous

¶ 50    Although the insufficiency of the record would be enough to affirm the directed finding, we find it is important (particularly given plaintiff's *pro se* status) to explain why his reliance on this court's 2018 Rule 23 order (*Balmadrid v. Gupta*, 2018 IL App (1st) 171183-U) and the circuit court's August 2019 order are misplaced. Contrary to his arguments, those orders did not decide the merits of his breach of contract claim. They merely allowed his claim to survive motions to dismiss. Those orders did not preclude the trial court from subsequently finding, upon defendants' motion for a directed finding, that plaintiff failed to provide sufficient evidence to sustain his claims against defendants.

¶ 51    In his brief (as in his trial court submissions), plaintiff extensively relies on this court's statement in 2018 that he had sufficiently *alleged* a breach of an oral contract against Satya, to avoid dismissal of that particular claim. *Id.*, ¶ 20 ("Plaintiff's complaint sufficiently alleged the existence of an oral partnership agreement with Satya, Satya's breach of the agreement, and that plaintiff suffered damages *** as a result."). Similarly, he relies on the circuit court's August 2019 order that cited the 2018 Rule 23 order in denying a motion to dismiss. Plaintiff suggests that in light of these orders, there were "no remaining dispute[s] of material facts" in the case. In turn, he believes that the 2022 order granting defendants a directing finding and dismissing his case

were void, violated the "law on remand and mandate", violated the principle of *stare decisis*, and violated his constitutional due process rights.

¶ 52    These arguments are without merit. They appear to stem from a basic misunderstanding of civil procedure, specifically, the meaning of the denial of a motion to dismiss a cause of action. Contrary to plaintiff's suggestion, denial of a motion to dismiss merely indicates an action may proceed; it does not mean plaintiff is entitled to judgment on the merits.

¶ 53    As stated in our 2018 Rule 23 Order, "[a] motion to dismiss pursuant to section 2-615 challenges the legal sufficiency of a complaint, and inquires whether the allegations state a cause of action upon which relief may be granted." *Balmadrid*, 2018 IL App (1st) 171183-U, ¶ 17. When ruling on such a motion, "a court must accept as true all well-pleaded facts in the complaint." *DeHart v. DeHart*, 2013 IL 114137, ¶ 18. "The crucial inquiry is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action on which relief may be granted. [Citation.]" *Id*. Thus, in the 2018 Rule 23 Order, our court was merely assessing the sufficiency of the allegations; we did not make any factual determinations on the merits of the claim. See *Combined Ins. Co. of America v. Certain Underwriters at Lloyd's London*, 356 Ill. App. 3d 749, 752 (2005) ("Generally, motions to dismiss do not require the trial court to weigh facts or determine credibility, and as a result our review is *de novo*.")**.**

¶ 54    This court's 2018 Rule 23 order simply held that, in the complaint at issue in that case, plaintiff had "allege[d] sufficient facts to assert a breach of contract claim against Satya." *Balmadrid*, 2018 IL App (1st) 171183-U, ¶ 20.  Thus, we remanded for further proceedings on that claim. *Id*. ¶ 21. Contrary to plaintiff's suggestion, nothing in that Rule 23 order resolved any factual findings or entitled him to judgment on the merits.

¶ 55    The same is true with respect to the circuit court's August 2019 order, in case no. 19 L 1763, that denied a motion to dismiss a similar breach of contract claim. In that order, the circuit court found our 2018 Rule 23 order was "law of the case that plaintiff has stated a cause of action for breach of an oral contract." That is, the circuit court merely found that this particular breach of contract claim survived a motion to dismiss. It said nothing about whether plaintiff had *proven* the merits of the claim.

¶ 56    In sum, plaintiff's arguments relating to the significance of the 2018 Rule 23 order and the August 2019 circuit court order are without merit. Those orders simply permitted plaintiff's breach of oral contract claim to survive motions to dismiss. It remained plaintiff's burden to prove any claim in subsequent proceedings. Certainly, those orders did not preclude the trial court from ultimately finding, at a bench trial, that plaintiff failed to set forth sufficient evidence to "make a *prima facie* case for either breach of contract or fraud." In short, nothing in the 2018 Rule 23 order or the August 2019 circuit court order support reversal of the 2022 order granting defendants' motion for a directed finding, or the denial of plaintiff's motion to reconsider. We will thus affirm those orders.

¶ 57                    Denial of Plaintiff's Motion Taken With The Case

¶ 58    We briefly note that the foregoing discussion applies equally to plaintiff's "Motion for Summary Judgment on Breach of Contract," which was filed in this court on December 4, 2023 and taken with the case. In that motion, plaintiff similarly argued that he was entitled to "final Summary Judgment on [his] claim of Breach of Contract" due to this court's 2018 Rule 23 order and the August 2019 circuit order denying a motion to dismiss. As discussed, nothing in those orders entitled plaintiff to judgment on the merits of a breach of contract claim. Accordingly, we deny plaintiff's motion.

¶ 59        Plaintiff's Request to Add a New Count and a New Defendant Is Improper

¶ 60        Apart from his arguments concerning the impact of the 2018 Rule 23 order and 2019 circuit court order, plaintiff suggests the trial court erred in failing to allow him to add a count of fraud and name Meenakshi as an additional defendant.

¶ 61        This portion of the brief is inappropriate, particularly given the contents of the order entered by this court on January 22, 2024, in response to plaintiff's "Motion for Leave to File Memo in Support of Plaintiff's Motion to Add Defendants and/or on the Alternative to Issue Summary Judgments for Counts of Fraud, Forgery and Trespass."

¶ 62        In that order, we recognized that plaintiff filed his action against Satya Gupta and Nawal Gupta, but "Meenaskhi Gupta has never been named as a party to this matter and has never been served with process." We also recognized "the record does not contain any order from the circuit court permitting Plaintiff to amend his complaint, whether to add defendants, add counts, or otherwise, *and this issue is not before us on appeal*." (Emphasis added.) We informed plaintiff that our review on appeal was "limited to the order, and underlying order" identified in the notice of appeal, *i.e.,* the entry of the directed finding and denial of the related motion to reconsider. See *People v. Baldwin*, 2020 IL App (1st) 160496, ¶ 31(Appellate jurisdiction is limited to the judgment or orders specified in the notice of appeal and orders in the procedural progression leading to the judgment or orders appealed from.) Thus, our order informed plaintiff that we "do not have jurisdiction to add defendants or causes of action to his complaint in the circuit court." For the reasons stated in our January 22, 2024 order, we decline plaintiff's improper request to add a new count and a new defendant.

¶ 63        Before we conclude, we note it is apparent that plaintiff could have benefited (and a large amount of the parties' and the court's time could been saved), had he been represented by counsel.

Indeed, it appears that several meritless filings could have been avoided, had plaintiff spoken with counsel regarding the significance of this court's Rule 23 order in his prior case. The record reflects that the trial court repeatedly advised plaintiff of resources for low-cost or free legal assistance, but for whatever reason, plaintiff remained *pro se*. This case is a prime example of why *pro se* litigants should be encouraged to take advantage of available legal assistance resources.

¶ 64                                                  CONCLUSION

¶ 65    For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

¶ 66    Affirmed.